[No. H004029. Sixth Dist. Dec. 8, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
MANUEL GARCIA YBARRA, Defendant and Appellant.

**COUNSEL**

Rodney Richard Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, David D. Salmon and Herbert F. Wilkinson, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

AGLIANO, P. J.—In this appeal, defendant Manuel Garcia Ybarra seeks review of the trial court's conclusion that defendant's instant violation of Vehicle Code section 23153, subdivision (a) (driving under the influence of alcohol and causing injury) constitutes a "serious felony" within the meaning of Penal Code[1] sections 667 and 1192.7. Because resolution of this issue is premature, we shall strike the trial court's legal conclusion characterizing the present offense as a serious felony.

On May 10, 1987, at 1:39 p.m., defendant was traveling northbound on Race Street in San Jose at an approximate speed of 65-70 miles per hour. He ran a red light at an intersection and, after losing control of his vehicle, struck two parked cars. Three passengers in defendant's car suffered serious bodily injuries.

A chemical test of defendant's blood disclosed that he had operated the vehicle while under the influence of alcohol.

As a result of the described incident, defendant was charged with driving under the influence and causing injury in violation of Vehicle Code section 23153, subdivision (a). The complaint also alleged that defendant inflicted great bodily injury on Jamie Macias within the meaning of the serious felony provisions of sections 667 and 1192.7.

Defendant waived his right to a preliminary hearing and pled nolo contendere to the charges with one exception: the great bodily injury allegation was submitted for finding by the court at the time of sentencing upon the stipulation that there was "serious bodily injury" but that defendant did not intentionally inflict that injury. At sentencing, and only for future reference, the superior court determined characterization of the crime as a serious felony was proper. Imposition of sentence was suspended and defendant was placed on probation for a period of three years on condition, inter alia, that he serve four months in the county jail.[2]

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Defendant received a consecutive county jail term of two months on an unrelated matter.

## Discussion

Section 667 provides a five-year sentence enhancement for a defendant who, having previously been convicted of a serious felony, suffers another such conviction. The term "serious felony" is defined by reference to subdivision (c) of section 1192.7. Particularly relevant here is section 1192.7, subdivision (c)(8), which defines as a serious felony "any other felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice . . . ."

■ Defendant contends that the present offense does not fall within the purview of the serious felony enhancement provisions. We do not decide the merit of this contention since, as noted above, the issue is prematurely raised. Neither should the trial court have decided it. The complaint before the court did not allege defendant had suffered a prior serious felony conviction. Accordingly, the instant conviction could only affect defendant if he were to suffer conviction of a "serious felony" in the future. A decision as to whether or not the present offense qualified as a serious felony would at most constitute an advisory opinion relating to the hypothetical use of the current felony conviction to enhance punishment for a future offense. ■ Such a ruling would violate the well-settled rule that courts should "avoid advisory opinions on abstract propositions of law. [Citations.]" (*In re William M.* (1970) 3 Cal.3d 16, 23, fn. 14 [89 Cal.Rptr. 33, 473 P.2d 737].) As the Attorney General points out, whether any future prosecution for a serious felony will occur, and if so, whether the instant conviction will then qualify to enhance the future sentence is entirely speculative.

As are all statutory provisions, the recidivist statutes at issue here are subject to amendment or repeal by the Legislature. What effect the underlying conviction and related facts might have on future punishment would depend, among other things, on legislation in effect at the time of the new offense.

Further, the eventuality of an enhanced penalty would not be directly attributable to the crime now before us. ■ As the Supreme Court observed in *People v. Jackson* (1985) 37 Cal.3d 826, 833 [210 Cal.Rptr. 623, 694 P.2d 736], " 'increased penalties for subsequent offenses are attributable to the defendant's status as a repeat offender and arise as an incident to the *subsequent offense* rather than constituting a penalty for the prior offense.' [Citation.]" (Italics added.)

Nor does our Supreme Court's holding in *People v. Pearson* (1986) 42 Cal.3d 351 [222 Cal.Rptr. 509, 721 P.2d 595] compel a contrary conclusion.

In that case, defendant asked the Supreme Court to prohibit the use of convictions stayed pursuant to section 654 to enhance any subsequent sentence he might receive. Acknowledging that the issue "appear[ed] to be premature," the court decided to address the question "because it was fully briefed and argued." (*Id.* at p. 358.)

We do not read *Pearson* as a mandate that appellate courts render advisory opinions in every instance where the matter has been fully briefed and argued. Indeed, as we have noted, it is well settled that matters which are not ripe for adjudication should ordinarily be left to a future forum. The fact that the Supreme Court made an exception in *Pearson* does not render the general rule invalid.

■ For the foregoing reasons, we hold that determination of whether the underlying offense and the defendant's conduct qualify as a serious felony within the meaning of subdivision (c)(8) is a matter which should be left to a future case in which the issue is fully justiciable. (See *In re Cregler* (1961) 56 Cal.2d 308, 313 [14 Cal.Rptr. 289, 363 P.22d 305]; *Laird* v. *Tatum* (1972) 408 U.S. 1, 13 [33 L.Ed.2d 154, 163, 92 S.Ct. 2318]; *Poe* v. *Ullman* (1961) 367 U.S. 497, 503-504 [6 L.Ed.2d 989, 996, 81 S.Ct. 1752].)

■ This decision, of course, does not affect the parties' stipulation that "there was serious bodily injury, and . . . , that the defendant Manuel Ybarra did not intentionally inflict that injury." The stipulation as well as other facts of record will, insofar as admissible, remain available for consideration by the court in any future case for the purpose of determining whether the defendant's instant conviction and related conduct constitutes a serious felony as a matter of law. (*People* v. *Guerrero* (1988) 44 Cal.3d 343, 345 [243 Cal.Rptr. 688, 748 P.2d 1150].)

The judgment is modified to strike the court's legal conclusion characterizing the present offense as a serious felony. As so modified, the judgment is affirmed.

Brauer, J., and Capaccioli, J., concurred.

On January 6, 1989, the opinion was modified to read as printed above.