Filed 2/29/16  P. v. Storment CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H042338 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SS100799) |
| v. | |
| ROGER STORMENT, | |
| Defendant and Appellant. | |

Defendant Roger Storment pleaded guilty to felony forgery (Pen. Code, § 470, subd. (d))[1] and other crimes in exchange for the dismissal of other pending charges. After Storment was sentenced, voters approved Proposition 47, "The Safe Neighborhoods and Schools Act" (§ 1170.18), which reduced certain felonies to misdemeanors.  It also allows a person currently serving a felony sentence for an offense that is now a misdemeanor to petition for a recall of that sentence and for resentencing to a misdemeanor.  Storment petitioned to have his forgery conviction reduced to a misdemeanor under Proposition 47 and for resentencing.  The trial court denied his petition on the theory that resentencing Storment would deprive the People of the benefit of their bargain under the plea agreement.

On appeal, the People concede that the trial court erred in denying Storment's petition on the basis of the negotiated plea agreement.  While the parties agree on that issue, they now dispute whether, in the event the court grants the petition on remand, the

_____

[1] All further statutory references are to the Penal Code unless otherwise specified.

People may withdraw from the plea agreement and reinstate the previously dismissed charges. We reverse and remand. We decline to express an opinion on the merit of a hypothetical motion to withdraw from the plea agreement.

## I.  BACKGROUND

The record does not set forth the underlying facts.

In 2010, the Monterey County District Attorney filed an information charging Storment with one count of felony forgery in violation of section 470, subdivision (d). The information alleged that Storment had one prior serious or violent felony conviction under section 1170.12, subdivision (c)(1) and two prior prison terms under section 667.5, subdivision (b). Storment also faced criminal charges in two other matters.

Storment and the People entered into a plea agreement resolving all three cases on May 24, 2011. Pursuant to the agreement, Storment pleaded no contest to forgery, burglary (§ 459), evading a pursuing peace officer while operating a motor vehicle (Veh. Code, § 2800.2, subd. (a)), and taking a vehicle without the owner's consent (Veh. Code, § 10851, subd. (a)). Charges in the other two cases were dismissed as part of that plea agreement. The record does not disclose the nature of those charges. The trial court sentenced Storment to 10 years in prison, including a four-year term on the forgery conviction.

On January 27, 2015, Storment petitioned to have his felony sentence on the forgery conviction recalled and to be resentenced to a misdemeanor pursuant to section 1170.18. The People opposed Storment's petition, arguing he was ineligible for Proposition 47 relief because such relief would deny the People the benefit of the bargain of the plea agreement. The trial court agreed with the People and denied the petition on May 1, 2015. Storment timely appealed on May 19, 2015.

2

## II. DISCUSSION

### A. *Proposition 47*

"On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act (hereafter Proposition 47), which went into effect the next day." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089 (*Rivera*).) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*Id*. at p. 1091.) "Proposition 47 also created a new resentencing provision: section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47. (§ 1170.18, subd. (a).) A person who satisfies the criteria in section 1170.18 shall have his or her sentence recalled and be 'resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (§ 1170.18, subd. (b).)" (*Id*. at p. 1092.)

### B. *The Plea Agreement Does Not Render Storment Ineligible for Proposition 47 Relief*

The trial court denied Storment's petition on the ground that Proposition 47 relief would deny the People the benefit of the plea bargain. As Storment contends and the People concede, that was error.

Section 1170.18, subdivision (a) provides: "A person currently serving a sentence for a conviction, *whether by trial or plea*, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request

3

resentencing. . . ." (Italics added.) Thus, Proposition 47 expressly applies to persons, like Storment, currently serving sentences for convictions obtained by plea agreement. (See *T.W.* v. *Superior Court* (2015) 236 Cal.App.4th 646, 651 ["by its plain language section 1170.18 applies to convictions by trial or plea, and thus the trial court erred by engrafting a plea agreement disqualifier into the statute"].)

Proposition 47 reduced the offense of forgery from a felony to a misdemeanor where the forgery involved less than $950. (See §§ 473, subd. (b)., 1170.18, subd. (a); *People* v. *Thompson* (2015) 243 Cal.App.4th 413, 421 ["Proposition 47 also amended section 473, check forgery, making it a misdemeanor where the value of the check does not exceed $950"].) Storment currently is serving a felony sentence for forgery. If his offense involved less than $950—something the record does not disclose—then he satisfies the criteria of section 1170.18, subdivision (a).

The People ask us to address whether, in the event the trial court determines that Storment satisfies the section 1170.18, subdivision (a) criteria and does not pose an unreasonable risk of danger to public safety, they may withdraw from the plea agreement and reinstate the previously dismissed charges.[2] In other words, they ask us to opine as to the merits of a hypothetical motion to withdraw from the plea agreement, which they may or may not have occasion to file at some future date. We decline to address that issue because it "is prematurely raised." (*People* v. *Ybarra* (1988) 206 Cal.App.3d 546, 549.)

---

[2] The Supreme Court granted review in *Harris* v. *Superior Court*, review granted February 24, 2016 (S231489). The Supreme Court has indicated that the case presents the following issues: "(1) Are the People entitled to withdraw from a plea agreement for conviction of a lesser offense and to reinstate any dismissed counts if the defendant files a petition for recall of sentence and reduction of the conviction to a misdemeanor under Proposition 47? (2) If the defendant seeks such relief, are the parties returned to the status quo with no limits on the sentence that can be imposed on the ground that the defendant has repudiated the plea agreement by doing so?" (<http://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id=2129194&doc_no=S231489search=number&start=1query_caseNumber=B264839> as of February 29, 2016].)

Whether the trial court will grant Storment's petition, thus giving the People reason to file a motion to withdraw from the plea agreement, "is entirely speculative" for the reasons discussed above.  (*Ibid*.)  Accordingly, a decision as to whether the People may withdraw from the plea agreement in the event the court does grant Storment's petition "would violate the well-settled rule that courts should 'avoid advisory opinions on abstract propositions of law.' "  (*Ibid*.)

## III.  DISPOSITION

The order denying Storment's petition for recall of sentence is reversed and the matter is remanded to the trial court for further proceedings.

_____

ELIA, ACTING P.J.

WE CONCUR:

_____

BAMATTRE-MANOUKIAN, J.

_____

MIHARA, J.