Filed 6/22/16  P. v. Bautista CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>v.<br><br>JEANETTE MARIE BAUTISTA,<br><br>   Defendant and Appellant. | C079778<br><br>(Super. Ct. No. 09F3072) |

Defendant Jeanette Marie Bautista appeals from an order denying her petition for resentencing under Proposition 47.  On appeal, defendant contends the trial court erred in ruling she was ineligible for resentencing.  We conclude that defendant has failed to meet her burden to show that she is eligible for resentencing and therefore affirm the denial of the petition.

## I.  BACKGROUND

On April 17, 2009, at approximately 12:20 a.m., California Highway Patrol Officer Roach conducted a traffic stop on a 2003 Chevrolet Blazer that had been reported

stolen by its owner, Victor Zoto. The Blazer was driven by defendant, who provided a false name at the time of arrest.

On May 12, 2009, defendant pleaded guilty to one count of felony unlawful driving or taking of a vehicle in violation of Vehicle Code section 10851, subdivision (a) (section 10851(a)).[1] On March 23, 2010, defendant pleaded guilty to violations of Penal Code sections 487, subdivision (c) and 1320, subdivision (b), in two separate cases (Shasta County case Nos. 10F329 & 09F5634). On April 13, 2010, the trial court sentenced defendant to an aggregate term of four years four months for all three cases.

On March 16, 2015, defendant filed a form petition to reduce her section 10851(a) conviction to a misdemeanor under Proposition 47. On the form, defendant checked a box indicating, "the total value of the . . . property . . . involved in the specified offense . . . does not exceed $950." The petition does not contain any other information regarding the value of the car.

Two months later, on May 20, 2015, defendant submitted a bench brief arguing, as she does on appeal, that Proposition 47 must be construed as applying to a conviction for unlawfully taking or driving a vehicle in violation of section 10851(a). In the alternative, defendant argued that Proposition 47 violates equal protection. The prosecutor argued that Proposition 47 does not apply to convictions under section 10851(a). The parties' filings did not address the value of the car.

The parties appeared for argument on the petition on May 22, 2015. At the beginning of the hearing, the trial court indicated that its tentative ruling was to deny the petition on the grounds that Proposition 47 does not apply to convictions under section 10851(a). Following a brief discussion of defendant's equal protection argument, the trial court stated: "The other thing that we haven't taken up obviously is the fact that I

---

[1] Further undesignated statutory references are to the Vehicle Code.

2

have no idea what the dollar amount would be. And it may have been over 950 [dollars] to begin with, so it may be a moot question."

Defendant's trial counsel responded, "Right. I emailed [the prosecutor] about this issue. We have been in dialogue about it for a number of weeks now. We just wanted to run it by the [c]ourt to see how you would treat [Penal Code section] 490.2 and the [section] 10851 analysis."

The trial court responded, "I think that to actually rule on it would be advisory, since prerequisites to actually considering the petition under [Penal Code section] 1170.18 right now haven't been made. That is, I don't know what the value of the vehicle is. Given the date of the offense and it was a 2007 vehicle [*sic*], I think it would be a fairly good guess that it was something that was a value in excess of $950. [¶] So I don't actually have to rule on it because the information necessary to file the petition and the burdens to file it would then qualify, assuming I accept an equal protection argument, have not been provided. So it would be denied for that reason." Shortly thereafter, the trial court denied the petition.

Defendant filed a timely notice of appeal.

## II. DISCUSSION

On November 4, 2014, voters enacted Proposition 47, the Safe Neighborhoods and Schools Act, which went into effect the next day. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) "Proposition 47 makes certain drug—and theft—related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*Id.* at p. 1091.) "Proposition 47 also created a new sentencing provision: [Penal Code] section 1170.18. Under [Penal Code] section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or

3

amended by Proposition 47. ([Pen. Code,] § 1170.18, subd. (a).)" (*Id.* at p. 1092.) A defendant seeking review has the initial burden to establish the facts upon which eligibility under Proposition 47 is based. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 880 (*Sherow*).)

Proposition 47 enacted Penal Code section 490.2, subdivision (a), which provides: "Notwithstanding [Penal code] Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor."

Proposition 47 also enacted Penal Code section 1170.18, subdivision (a), which provides: "A person currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under th[is] act . . . had this act been in effect at the time of the offense may petition . . . to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act."

Proposition 47 does not explicitly amend section 10851(a), which provides in pertinent part: "Any person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle, or any person who is a party or an accessory to or an accomplice in the driving or unauthorized taking or stealing, is guilty of a public offense."

Defendant contends that a violation of section 10851(a) is a "theft offense," and therefore, if the vehicle has a value of less than $950, it necessarily falls under the definition of misdemeanor petty theft in Penal Code section 490.2. The People respond that section 10851(a) is not among the enumerated offenses in Penal Code section 1170.18, subdivision (a), and therefore, no one convicted under that statute is eligible for

4

misdemeanor resentencing.  The People also observe that violations of section 10851(a) do not necessarily constitute theft, because the statute may be violated by taking a vehicle with intent to "temporarily deprive the owner" of possession.  (§ 10851, subd. (a); *People v. Frye* (1994) 28 Cal.App.4th 1080, 1086 [section 10851 can be violated by driving a car, even if the original taking was by someone else]; *People v. Garza* (2005) 35 Cal.4th 866, 871 [violation of section 10851(a) for unlawful taking of a vehicle with the intent to permanently deprive the owner of possession is a theft; "[o]n the other hand, unlawful *driving* of a vehicle is not a form of theft when the driving occurs or continues after the theft is complete"].)

Regardless of whether a conviction for section 10851(a) can be reduced under [Penal Code] section 1170.18, defendant fails to show that the value of the car was less than $950.  (Pen. Code, § 490.2 ["obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor"].)  "As an ordinary proposition:  ' "A party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense he is asserting." ' [Citations.]" (*Sherow, supra,* 239 Cal.App.4th at p. 879.)  "Because defendant is the petitioner seeking relief, and because Proposition 47 does not provide otherwise, 'a petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing.' " (*People v. Perkins* (2016) 244 Cal.App.4th 129, 136, quoting *Sherow, supra,* at p. 878.)  "In a successful petition, the offender must set out a case for eligibility, stating and in some cases showing the offense of conviction has been reclassified as a misdemeanor and, where the offense of conviction is a theft crime reclassified based on the value of stolen property, showing the value of the property did not exceed $950. [Citations.]  The defendant must attach information or evidence necessary to enable the court to determine eligibility." (*People v. Perkins, supra,* at pp.

136-137; see also *Sherow, supra,* at p. 880 ["A proper petition could certainly contain at least [the defendant's] testimony about the nature of the items taken"].)

Defendant did not meet her burden in this case. Though defendant submitted a form indicating that the value of the stolen property did not exceed $950, she never offered any factual support for this claim. And, significantly, nothing in the record supports defendant's claim that the value of the car was less than $950. On these facts, we conclude that defendant failed to carry her burden of providing evidence to establish that she is eligible for resentencing. (*People v. Perkins, supra*, 244 Cal.App.4th at p. 136.)

Defendant acknowledges that she failed to establish the value of the stolen car, but claims the trial court "precluded the parties from an opportunity to litigate the value" by offering a tentative ruling on the petition. Defendant misses the point. In order to establish her eligibility for resentencing, defendant was required to make an offer of proof concerning the value of the stolen car. The trial court did not prevent defendant from making the required offer of proof.

Defendant also argues that the prosecution should bear the burden of proof as to the value of the property. However, defendant's arguments and authorities are based on the prosecutor's burden of proof in the initial prosecution of an offense. (See *Sherow, supra,* 239 Cal.App.4th at p. 880.) The resentencing provisions of Proposition 47 "deal with persons who have already been proved guilty of their offenses beyond a reasonable doubt." (*Ibid.*) Contrary to defendant's claim, the prosecution does not have the burden to prove a defendant is *not* eligible for resentencing. Rather, the burden is on the petitioner to prove that she *is* eligible for the relief requested. (*Id.* at p. 878.) Here, as we have shown, defendant failed to carry her burden.

Defendant also argues that the trial court abused its discretion by incorrectly stating that the stolen car was a "2007 vehicle," rather than a 2003 Chevrolet Blazer. In

6

the absence of any information concerning the value of the stolen car, the trial court's error was immaterial.

Finally, we agree with the trial court that defendant's equal protection challenge is not ripe for decision. It is a "well-settled rule that courts should 'avoid advisory opinions on abstract propositions of law. [Citations.]' " (*People v. Ybarra* (1988) 206 Cal.App.3d 546, 549; *People v. Gonzales* (1994) 29 Cal.App.4th 1684, 1700.) To avoid advisory opinions, courts must wait until a case " 'has reached, but has not passed, the point that the facts have sufficiently congealed to permit an intelligent and useful decision to be made.' " (*Pacific Legal Foundation v. California Coastal Com.* (1982) 33 Cal.3d 158, 171.) Here, defendant's equal protection challenge would require us to speculate that she was convicted of stealing a 2003 Chevrolet Blazer worth $950 or less with the intent to permanently deprive the owner of its possession, in violation of Penal Code section 490.2. It is not enough to raise the theoretical possibility that defendant's right to equal protection was violated, without offering underlying facts to support the conclusion that a violation of equal protection actually occurred. We therefore reject defendant's equal protection claim as well.

## III.  DISPOSITION

The trial court's order denying defendant's petition for resentencing is affirmed.


/S/

_____
RENNER, J.


We concur:


/S/

_____
MURRAY, Acting P. J.


/S/

_____
DUARTE, J.