Filed 10/16/23  P. v. Jones CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TYRICE LAVELL JONES,<br><br>    Defendant and Appellant. | D081333<br><br><br>(Super. Ct. No. SCD293518) |

APPEAL from an order of the Superior Court of San Diego County, Rachel Cano, Judge.  Affirmed as modified.

Belinda Escobosa, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Maxine Hart, Deputy Attorneys General, for Plaintiff and Respondent.


Tyrice Lavell Jones appeals the order granting probation after he pled guilty to possession of a firearm by a felon.  He challenges conditions

requiring him to submit to warrantless searches of electronic devices, to stay away from known members of a certain criminal street gang, and not to use marijuana if so directed by his probation officer. The People concede the electronics search condition is invalid. We strike that condition, reject Jones's other challenges, and affirm the order as modified.

## BACKGROUND

Jones was one of several passengers in a sedan stopped by police for Vehicle Code violations. Because the driver did not have a license, the sedan was impounded. During an inventory search, a loaded handgun was found in the pocket of the seat behind which Jones had been sitting. When interviewed at the police station, Jones admitted his fingerprints would be found on the handgun but denied he owned it. At the time, Jones was on probation for a prior felony conviction involving firearm possession.

The People charged Jones with unlawfully carrying a loaded firearm in a public place (Pen. Code, § 25850, subd. (c); subsequent section references are to this code) and possession of a firearm by a felon (§ 29800, subd. (a)(1)). He pled guilty to possession of a firearm by a felon, and the other charge was dismissed. The parties agreed Jones would serve 365 days in local custody and be put on probation.

At the sentencing hearing, the trial court suspended imposition of sentence for two years, ordered Jones to serve 365 days in jail, and granted formal probation. The conditions of probation included:

- No. 6.n.: "Submit person, vehicle, residence, property, personal effects, computers, and recordable media . . . to search at any time with or without a warrant, and with or without reasonable cause, when required by [probation officer] or law enforcement officer."

2

- No. 12.b.: "Do not associate with any person who you know, or who a [probation officer] or other law enforcement officer informs you, is a Skyline gang member. 'Gang' means a 'criminal street gang' as defined in Pen. Code 186.22(e) and (f)."
- No. 14.a.: "Participate in a substance use level of care assessment within 7 business days if directed by [probation officer]."
- No. 14.b.: "Enroll in & adhere to substance use treatment & recovery services, as clinically indicated if directed by [probation officer]."
- No. 14.c. "No marijuana use at all 'if' directed by [probation officer]."

Jones objected to the inclusion of computers and recordable media in condition No. 6.n. and to the entirety of condition Nos. 12.b. and 14.c. as having no nexus to the crime to which he pled guilty. He objected to condition No. 12.b. on the additional grounds that although he "has had associations with Skyline in his past[,] . . . he is personally moving away from or has moved away from gang involvement"; and that because of where and with whom he grew up, the condition "could interfere with his constitutional rights to associate with family members and friends for noncriminal reasons." Jones declined to serve his custody time on work furlough based on the assignment location because he did not "feel safe in that area," did not "want to be in a position where he would be faced with people who associate him with a group that he used to belong to," and did not want to be in a neighborhood that was "likely going to cause him problems." As to the current offense, Jones told the probation officer: " 'I wish I listened to my conscience and not gone out with my friends. I had to separate myself from people like that.' "

The trial court overruled Jones's objections. As to the search condition, the court stated: "[P]robation can look up whether he's taking pictures of

3

guns, possession of guns. So I think that's appropriate given it's not his first gun offense." The court found the condition prohibiting association with Skyline gang members appropriate because Jones could not "even do work furlough from being around these people." As to the marijuana use condition, the court stated: "[I]t is an 'if directed' condition. If there's an assessment done and there's no issue, then it shouldn't be an issue with the smoking of marijuana legally."

Jones appealed the order granting probation. (See § 1237, subd. (a) [appeal lies from order granting probation]; *People v. Patton* (2019) 41 Cal.App.5th 934, 943 [defendant who pleads guilty may attack probation conditions on appeal without obtaining certificate of probable cause].)

DISCUSSION

Jones renews his challenge to the three probation conditions to which he objected in the trial court. He contends the court abused its discretion by imposing them, because the conditions have no relationship to his current conviction, concern conduct that is not itself criminal, and have no reasonable relationship to preventing future criminality. Jones asks us to modify the order granting probation by striking the challenged conditions. The People concede the condition requiring Jones to submit his computers and recordable media to searches without a warrant or reasonable cause is invalid and must be stricken, but they ask us to uphold the other two conditions. As we shall explain, we agree with the parties as to the search condition but reject Jones's other challenges.

We begin with the general rules regarding imposition of terms or conditions of probation. When a trial court grants probation, "[t]he court may impose and require any or all of the terms of imprisonment, fine, and conditions specified in this section, and other reasonable conditions, as it may

4

determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer . . . ."  (§ 1203.1, subd. (j).)  This statute gives courts "broad discretion to impose conditions to foster rehabilitation and to protect public safety."  (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120.)  A reviewing court may not invalidate a probation condition "unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' "  (*People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*).)  "The *Lent* test 'is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term.' "  (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1118 (*Ricardo P.*).)  "[A] reviewing court will disturb the trial court's decision to impose a particular condition of probation only if, under all the circumstances, that choice is arbitrary and capricious and is wholly unreasonable."  (*People v. Moran* (2016) 1 Cal.5th 398, 403 (*Moran*).)

The parties are correct that the trial court abused its discretion by requiring as a condition of probation that Jones submit to searches of computers and recordable media without a warrant or reasonable cause.  Our Supreme Court held a similar condition failed the *Lent* test when there was no evidence the defendant had used computers or other electronic devices in the burglaries he admitted committing or in any other crimes, and the burden of the condition on the defendant's privacy was substantially disproportionate to the goal of deterring future criminality.  (*Ricardo P.*, *supra*, 7 Cal.5th at pp. 1119-1120.)  Following *Ricardo P.*, this court struck a search condition like the one imposed on Jones in a case where the defendant

5

pled guilty to carrying a concealed dirk or dagger and there was no evidence the defendant had ever used a computer, other electronic device, or recordable media in committing a crime. (*People v. Cota* (2020) 45 Cal.App.5th 786, 790-791.) As was true of the defendants in those cases, nothing in the record in this case indicates Jones used a computer, recordable media, or other electronic device in committing the firearm possession offense to which he pled guilty; his use of such devices would not be inherently criminal; and the burden of the search condition on his right to privacy is substantially disproportionate to the goal of preventing future criminality. The portion of condition No. 6.n. to which Jones objects is therefore unreasonable under *Lent*, *supra*, 15 Cal.3d 481, and must be stricken.

We reach a different conclusion on the probation condition prohibiting Jones from associating with known Skyline gang members. Although the record does not show the current crime was in any way gang related and although associating with known gang members is not in itself criminal, prohibiting such association is reasonably related to preventing future criminality. (See *Lent*, *supra*, 15 Cal.3d at p. 486.) The probation report documented Jones's criminal history, which started in 2004 with infliction of corporal injury on a spouse and child endangerment; continued over the years with resisting a peace officer, battery of a peace officer, public intoxication, vandalism, trespass, and firearm offenses; and ended in 2022 with the current firearm offense. Jones told the probation officer he was a documented member of the Skyline gang, but had moved from the gang's neighborhood and stopped affiliating with the gang. At the sentencing hearing, Jones advised the court through counsel that the prohibition on associating with gang members could interfere with his constitutional right to associate with family and friends, and he had declined work furlough and

6

instead agreed to serve time in jail because the work was in a neighborhood where he feared people would associate him with the gang and "cause him problems." The regret Jones expressed to the probation officer about his failure to heed his conscience and separate himself from the other passengers in the sedan in which he committed the current crime indicate susceptibility to influence by bad actors. Thus, Jones's susceptibility to bad influences, "gang affiliation, and consistent and increasing pattern of criminal behavior warranted a conclusion by the trial court that [his] disassociation from gang-connected activities was an essential element of any probationary effort at rehabilitation because it would insulate him from a source of temptation to continue to pursue a criminal lifestyle." (*People v. Lopez* (1998) 66 Cal.App.4th 615, 626; see *In re Laylah K.* (1991) 229 Cal.App.3d 1496, 1501 ["probation conditions designed to curb dangerous associations with gangs [are] not unreasonable" since "[a]ssociation with gang members is the first step to involvement in gang activity"].) Because the court's imposition of condition No. 12.b was not "arbitrary and capricious" and "wholly unreasonable," we must uphold it. (*Moran, supra*, 1 Cal.5th at p. 403.)

*People v. Brandão* (2012) 210 Cal.App.4th 568, on which Jones relies, does not support his argument that we must strike the condition prohibiting association with known gang members. In *Brandão*, the Court of Appeal held "a no-gang-contact probation condition cannot be imposed on defendant here, given that the record divulges (1) no ties between defendant and any criminal street gang, (2) no such ties involving any member of defendant's family, and (3) no criminal history showing or strongly suggesting a gang tie." (*Id.* at p. 576.) The first two elements of this holding are absent from this case, because Jones was a member of the Skyline gang and has family and friends who still are. *Brandão* is therefore not on point.

Finally, we reject as unripe Jones's challenge to the probation condition concerning marijuana use. The ripeness requirement " 'prevents courts from issuing purely advisory opinions, or considering a hypothetical state of facts in order to give general guidance rather than to resolve a specific legal dispute.' " (*People v. Garcia* (2018) 30 Cal.App.5th 316, 328.) "It is rooted in the fundamental concept that the proper role of the judiciary does not extend to the resolution of abstract differences of legal opinion." (*Pacific Legal Foundation v. California Coastal Com.* (1982) 33 Cal.3d 158, 170.) The condition prohibiting Jones from using marijuana would take effect only upon the occurrence of three antecedent events: (1) a direction from the probation officer that Jones participate in a substance abuse level of care assessment; (2) an assessment that reveals a problem with marijuana use; and (3) a direction from the probation officer that he not use marijuana. Nothing in the record shows any of those three events has happened. If and when they do, Jones may petition the trial court to remove the condition prohibiting marijuana use and develop a record on the issue. (§§ 1203.2, subd. (b)(1), 1203.3, subd. (a); see *People v. Cookson* (1991) 54 Cal.3d 1091, 1095 [trial court may modify probation conditions when circumstances change].)[1] "[M]atters which are not ripe for adjudication should ordinarily be left to a future forum." (*People v. Ybarra* (1988) 206 Cal.App.3d 546, 550.)

---

[1] We note the present record contains some indications Jones may have a substance use problem related to criminality. The probation report states he was convicted of disorderly conduct for being intoxicated in a public place (§ 647, subd. (f)) and was later arrested for the same offense. Jones told the probation officer he started using alcohol and marijuana when he was 14 years old. Another passenger in the sedan told police that before the stop he "was having a good time and drinking alcohol with Jones at Jones' residence." The record, however, is not sufficiently developed to allow a definitive determination on whether any such problem would justify a prohibition on marijuana use.

## DISPOSITION

The order granting probation is modified by striking "computers, and recordable media" from condition No. 6.n.  As so modified, the order is affirmed.


                                                                IRION, J.

WE CONCUR:


O'ROURKE, Acting P. J.


KELETY, J.