Filed 12/30/20  P. v. Felix CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F080189 |
| Plaintiff and Respondent, | (Super. Ct. No. CR-18-004767) |
| v. | |
| EDGAR FELIX, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Nancy Ashley, Judge.

Lynette Gladd Moore, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Lewis A. Martinez and Louis M. Vasquez, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Meehan, Acting P.J., Snauffer, J. and DeSantos, J.

Defendant Edgar Felix was sentenced to an agreed-upon term of imprisonment based on a plea agreement. He contends on appeal that the one-year prior prison term enhancement imposed as part of the plea agreement should be stricken pursuant to Penal Code section 667.5, subdivision (b),[1] as amended by Senate Bill No. 136 (2019−2020 Reg. Sess.) (Senate Bill 136). The parties agree defendant is entitled to the benefit of Senate Bill 136. Defendant contends we may strike the enhancement without remanding the matter to the trial court. The People contend the trial court and the People must be permitted to rescind approval of the plea agreement in light of *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*). We vacate the sentence, order the prior prison term enhancement stricken, and remand for further proceedings consistent with *Stamps*. In all other respects, we affirm.

## PROCEDURAL SUMMARY

On August 10, 2018, the Stanislaus County District Attorney charged defendant with being a felon in possession of a firearm (§ 29800, subd. (a)(1); count 1), being a felon in possession of ammunition (§ 30305, subd. (a)(1); count 2), and driving without a valid driver's license (Veh. Code, § 12500, subd. (a); count 3). As to counts 1 and 2, the complaint alleged defendant had suffered a prior felony "strike" conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), and had served a prior prison term (§ 667.5, subd. (b)).

On September 9, 2019, defendant entered a plea of no contest on count 1 and admitted the prior prison term allegation. The prior prison term was served for a conviction of burglary (§ 459). The plea agreement stipulated that the prior strike conviction would be stricken for the purposes of the Three Strikes law sentencing pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, and the court

---

[1]    All further statutory references are to the Penal Code unless otherwise stated.

2.

would impose a total term of four years as follows:  on count 1, the court would impose an upper term of three years, plus a one-year prior prison term enhancement.

On the same date, the trial court struck the prior strike conviction allegation and imposed the stipulated sentence.

On October 23, 2019, defendant filed a notice of appeal.

## FACTUAL SUMMARY

On December 6, 2013, defendant was convicted of first degree burglary.

The parties stipulated to the following factual basis of the current offenses:  "[O]n or about August 8, 2018, in the County of Stanislaus, sheriff's deputies saw the defendant, Edgar Felix, traveling in a motor vehicle doing 76 miles an hour in a 50-mile-an-hour zone.  Upon pulling him over for that traffic violation, they noticed that the defendant was on felony searchable probation ….  A probation search of the defendant revealed a loaded firearm in the defendant's possession."

## DISCUSSION

### A. Defendant's Prior Prison Term Enhancement Must Be Stricken

Defendant argues his prior prison term enhancement must be vacated based on the retroactive application of Senate Bill 136.  The People agree, as do we.

Effective January 1, 2020, Senate Bill 136 amended section 667.5, subdivision (b) to limit application of prior prison term enhancements to only prior prison terms that were served for sexually violent offenses as defined by Welfare and Institutions Code section 6600, subdivision (b).  (§ 667.5, subd. (b).)  (Stats. 2019, ch. 590, § 1.)  That amendment applies retroactively to all cases not yet final on Senate Bill 136's effective date.  (*People v. Lopez* (2019) 42 Cal.App.5th 337, 342, citing *In re Estrada* (1965) 63 Cal.2d 740, 742.)

Here, the trial court imposed a one-year section 667.5, subdivision (b) prior prison term enhancement based on a term of imprisonment for burglary (§ 459), which is not a violent sexual offense as defined in Welfare and Institutions Code section 6600,

subdivision (b).  On January 1, 2020, defendant's case was not yet final.  Therefore, as the parties agree, defendant is entitled to the ameliorative benefit of Senate Bill 136's amendment to section 667.5, subdivision (b).

### B.     Remedy

The parties disagree on the appropriate remedy.  Their disagreement surrounds the impact striking the prior prison term enhancement has on the plea agreement.  Defendant contends that he did not waive his right to the benefit of ameliorative changes in the law like that effected by Senate Bill 136 and therefore his entitlement to the benefit of such changes is incorporated in the plea agreement.  For that reason, and because the trial court imposed the maximum possible sentence, he contends that we may strike the prior prison term enhancement without remanding for the trial court to exercise its discretion.  The People argue that *Stamps*, *supra*, 9 Cal.5th 685, controls and on remand, after the trial court strikes the prior prison term enhancement, the trial court and prosecutor must be afforded the opportunity to rescind their approval of the plea agreement.  We agree with the People.

This court recently confronted the issue now before us.  In *People v. Hernandez* (2020) 55 Cal.App.5th 942 (*Hernandez*), we decided that when a prior prison term enhancement imposed as a term of a plea agreement is stricken pursuant to Senate Bill 136, the prosecutor and the trial court must be afforded the option to rescind approval of the agreement.  We reach the same outcome here.

Generally, where an appellate court strikes a portion of a sentence, remand for " 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.)  That rule applies equally to resentencing after reversal of a count of conviction or striking of an enhancement.  (See *ibid.*, citing with approval *People v. Sanchez* (1991) 230 Cal.App.3d 768, 771–772 [consideration of all sentencing choices on

remand is appropriate after reversal for erroneous application of a section 12022.1 on-bail enhancement]; *People v. Lopez, supra*, 42 Cal.App.5th at p. 342.)

However, the full resentencing rule does not apply when a plea agreement specifies the punishment to be imposed. (*People v. Barton* (2020) 52 Cal.App.5th 1145, 1156 (*Barton*).) A plea agreement is a form of contract to which a court consents to be bound by approving the agreement. (*People v. Segura* (2008) 44 Cal.4th 921, 929–930.) A trial court "may approve or reject [a negotiated plea] agreement, but the court may not … [approve the agreement and then] effectively withdraw its approval by later modifying the terms of the agreement it had approved." (*Id.* at pp. 931−932; see § 1192.5.) Therefore, when a portion of an agreed-upon sentence must be stricken, full resentencing is not appropriate because it would not conform with the terms of the plea agreement. (*Barton*, at p. 1156; *Hernandez, supra*, 55 Cal.App.5th at p. 957.)[2]

The available remedies after striking a portion of an agreed-upon sentence are to restore the parties to the status quo ante or, if the legislature so intended, to strike only the portions modified by the enactment and leave the remainder of the agreement intact. (See *Stamps, supra*, 9 Cal.5th at pp. 695–696; *Harris v. Superior Court* (2016) 1 Cal.5th 984, 991 (*Harris*); *People v. Segura, supra*, 44 Cal.4th at pp. 929–930; *People v. Collins* (1978) 21 Cal.3d 208, 215.) The Legislature " 'may bind the People to a unilateral change in sentence without affording them the option to rescind the plea agreement.' " (*Stamps*, at p. 703; accord, *Hernandez, supra*, 55 Cal.App.5th at pp. 957−958.) However, we do not presume that to be the case. As a default position, a court "may not proceed as

---

**2**     We also note that a trial court cannot ignore a change in the law and decline to modify an agreed-upon sentence as based on the terms of a plea agreement. (See *Doe v. Harris* (2013) 57 Cal.4th 64, 66 ["That the parties enter into a plea agreement … does not have the effect of insulating them from changes in the law that the Legislature has intended to apply to them."].) As defendant correctly notes, he is entitled to the benefit of ameliorative changes in the law like that effected by Senate Bill 136. Such unknown future benefits cannot be waived by plea bargain. (§ 1016.8, subds. (a) & (b).)

to the plea other than as specified in the plea" (§ 1192.5), and therefore cannot modify only a part of an agreed-upon sentence, unless such a modification is a result of a change in the law and the defendant establishes "the Legislature [(or electorate)] intended to overturn long-standing law that a court cannot unilaterally modify an agreed-upon term by striking portions of it" while leaving the remainder intact (*Stamps*, at p. 701; accord, *Harris*, at pp. 987, 992; *Hernandez*, at p. 953.) Contrary to defendant's suggestion, neither the silence of a plea agreement on the impact of future unknown benefits nor the statutory prohibition on waiver of unknown future benefits (§ 1016.8, subds. (a) & (b)) entitles a defendant who has accepted a "negotiated stipulated sentence[] 'to whittle down the sentence "but otherwise leave the plea bargain intact." ' " (*Stamps*, at p. 706; accord, *Hernandez*, at p. 954.)

In *Stamps*, the Supreme Court considered the impact of Senate Bill No. 1393 (Senate Bill 1393)—which allows a trial court to strike a serious felony enhancement pursuant to section 667, subdivision (a)—on sentences not yet final on appeal that were imposed pursuant to plea agreements. (*Stamps*, *supra*, 9 Cal.5th at pp. 692, 701–703.) The court discussed the legislative history of Senate Bill 1393 and concluded that it did "*not* demonstrate any intent to overturn existing law regarding a court's lack of authority to unilaterally modify a plea agreement. Indeed, none of the legislative history materials mention plea agreements *at all*." (*Stamps*, at p. 702.) For that reason, the *Stamps* court determined that "[n]othing in the language and legislative history of Senate Bill 1393 suggests an intent to modify section 1192.5's mandate that 'the court may not proceed as to the plea other than as specified in the plea' without the consent of the parties." (*Stamps*, at p. 704.)

The *Stamps* court explained that the same test applied in *Harris* but the intent of the electorate was different in enacting the operative law. (*Stamps*, *supra*, 9 Cal.5th at pp. 702–703.) In *Harris*, the defendant had "pled [guilty] to felony grand theft (§ 487, subd. (c)) and admitted a prior robbery conviction in exchange for a six-year prison term

6.

and dismissal of a robbery count." (*Stamps*, at p. 702.) Before the defendant's case was final on appeal, Proposition 47 was passed, and he petitioned to have his conviction reduced to a misdemeanor. (*Ibid*.) Critical to whether the prosecutor could withdraw from the plea agreement after the defendant sought reduction of his felony conviction to a misdemeanor was the "intent behind Proposition 47." (*Stamps*, at p. 702.) *Harris* noted that Proposition 47 expressly applied to a person " 'serving a sentence for a conviction, whether by trial or by plea[.] *Harris* reasoned that '[b]y expressly mentioning convictions by plea, Proposition 47 contemplated relief to all eligible defendants.' " (*Stamps*, at p. 703.)

Here, as discussed above, Senate Bill 136 requires that prior prison term enhancements be stricken for any eligible defendant whose case is not final on appeal. However, like Senate Bill 1393, as discussed in *Stamps*, the legislative history for Senate Bill 136 reveals no "intent to modify section 1192.5's mandate that 'the court may not proceed as to the plea other than as specified in the plea' without the consent of the parties." (*Stamps*, *supra*, 9 Cal.5th at p. 704; accord, *Hernandez*, *supra*, 55 Cal.App.5th at pp. 957−958; *Barton*, *supra*, 52 Cal.App.5th at pp. 1150, 1156–1157.)[3] The legislative history for Senate Bill 136 is "silent regarding pleas and provides no express mechanism for relief undercut[ting] any suggestion that the Legislature intended to create special rules for plea cases." (*Stamps*, at p. 704; accord, *Hernandez*, at p. 958.) Because the Legislature did not express any intent for Senate Bill 136 to operate as an exception to the rule that a court cannot modify an agreed-upon sentence without the parties' agreement,

---

**3**    The Senate floor analysis for Senate Bill 136 identified the goals behind the legislation—eliminating an enhancement that "re-punishe[d] people for previous jail or prison time served … [and] exacerbate[d] existing racial and socioeconomic disparities in [the] criminal justice system." (Sen. Rules Com., Off. of Sen. Floor Analyses, analysis of Sen. Bill No. 136 (2019−2020 Reg. Sess.) as amended Sept. 3, 2019, p. 2.)

we conclude that the matter must be remanded to allow the People and the trial court the opportunity to rescind approval for the plea agreement.[4]

## DISPOSITION

The sentence is vacated and remanded to the superior court with directions to strike the prior prison term enhancement (§ 667.5, subd. (b)), and for further appropriate proceedings consistent with *Stamps*, *supra*, 9 Cal.5th 685. In all other respects, the judgment is affirmed.

---

[4] We note that at least two courts of appeal have concluded courts may strike prior prison term enhancements from an agreed-upon sentence pursuant to Senate Bill 136 but must leave all other portions of the sentence intact. (*People v. Matthews* (2020) 47 Cal.App.5th 857, 861; *People v. Petri* (2020) 45 Cal.App.5th 82, 85–86.) For the reasons discussed in this opinion, we agree with *Hernandez* and disagree with *Matthews* and *Petri*.