Filed 6/1/21  P. v. Barrera CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MATTHEW JOSEPH BARRERA,<br><br>Defendant and Appellant. | F080629<br><br>(Super. Ct. No. 19CM3059A)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Kings County.  Michael J. Reinhart, Judge.

Erica Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kenneth N. Sokoler and Sean M. McCoy, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Hill, P.J., Smith, J. and DeSantos, J.

Defendant Matthew Joseph Barrera entered into a stipulated plea agreement that included four prior prison term enhancements. He contends on appeal that his one-year prior prison term enhancements should be stricken pursuant to Penal Code section 667.5, subdivision (b),[1] as amended by Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136). The People agree, as do we. We directed the parties to submit supplemental briefing regarding whether remand is necessary for the People or trial court to be permitted to elect whether to rescind approval for the plea agreement. Defendant contends we should strike the prior prison term enhancements without remanding the matter. If we do remand, defendant argues both parties should be afforded the opportunity to withdraw from the plea agreement. He further contends, if the plea agreement is rescinded, his sentence cannot exceed the original sentence. We disagree with defendant on all three issues. We vacate the sentence, order the prior prison term enhancements stricken, and remand for further proceedings consistent with *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*) and *People v. Hernandez* (2020) 55 Cal.App.5th 942 (*Hernandez*) (review granted Jan. 27, 2021, S265739). In all other respects, we affirm.

## PROCEDURAL SUMMARY

On July 1, 2019,[2] the Kings County District Attorney charged defendant with sale of heroin (Health & Saf. Code, § 11352, subd. (a); count 1), possession of heroin for sale (Health & Saf. Code, § 11351; count 2), sale of methamphetamine (Health & Saf. Code, § 11379, subd. (a); count 3), possession of methamphetamine for sale (Health & Saf. Code, § 11378; count 4), misdemeanor driving under the influence of a drug (Veh. Code, § 23152, subd. (f); count 5), and misdemeanor disobeying a court order (§ 166,

---

[1]    All further statutory references are to the Penal Code unless otherwise stated.

[2]    All further dates refer to the year 2019 unless otherwise stated.

subd. (a)(4); count 6).  The complaint further alleged that defendant had served four prior prison terms (§ 667.5, subd. (b)).

On August 19, defendant pled guilty to counts 1 and 3, and admitted the prior prison term allegations.  The admitted prior prison terms were served for convictions of possession of a controlled substance (Health & Saf. Code, § 11377), assault with a deadly weapon (§ 245, subd. (a)(1)), false imprisonment by violence (§ 236), and unlawful taking or driving of a vehicle (Veh. Code, § 10851, subd. (a)).  The plea agreement stipulated that defendant would be sentenced to a term of 10 years as follows:  on count 1, five years (the upper term), plus four one-year prior prison term enhancements; and on count 3, a consecutive term of one year (one-third of the middle term of 3 years).  That term was to be served as a split sentence (§ 1170, subd. (h)) with three years to be served in local jail and seven years of mandatory supervision.

On November 13, the trial court sentenced defendant to the stipulated sentence.

On January 10, 2020, defendant filed a notice of appeal.

### DISCUSSION[3]

### A.  Defendant's Prior Prison Term Enhancements Must Be Stricken

Defendant argues his prior prison term enhancements must be stricken based on the retroactive application of Senate Bill 136.  The People agree, as do we.

Effective January 1, 2020, Senate Bill 136 amended section 667.5, subdivision (b) to limit application of prior prison term enhancements to only prior prison terms that were served for sexually violent offenses as defined by Welfare and Institutions Code section 6600, subdivision (b).  (§ 667.5, subd. (b).)  (Stats. 2019, ch. 590, § 1.)  That amendment applies retroactively to all cases not yet final on Senate Bill 136's effective

---

[3]     Because defendant raises only sentencing issues, the facts underlying the offenses are not relevant and are omitted from this opinion.

date.  (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341–342, citing *In re Estrada* (1965) 63 Cal.2d 740, 742.)

Here, the trial court imposed four one-year section 667.5, subdivision (b) prior prison term enhancements for terms served for convictions of possession of a controlled substance (Health & Saf. Code, § 11377), assault with a deadly weapon (§ 245, subd. (a)(1)), false imprisonment by violence (§ 236), and unlawful taking or driving of a vehicle (Veh. Code, § 10851, subd. (a)), none of which is a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b).  On January 1, 2020, defendant's case was not yet final.  Therefore, as the parties agree, defendant is entitled to the ameliorative benefit of Senate Bill 136's amendment to section 667.5, subdivision (b).  Defendant's prior prison term enhancements must therefore be stricken.

## B.  The People and the Trial Court Must Be Given An Opportunity to Rescind Approval of the Plea Agreement

Generally, where an appellate court strikes a portion of a sentence, remand for " 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.)  That rule applies equally to resentencing after reversal of a count of conviction or striking of an enhancement.  (See *ibid*., citing with approval *People v. Sanchez* (1991) 230 Cal.App.3d 768, 771–772 [consideration of all sentencing choices on remand is appropriate after reversal for erroneous application of a section 12022.1 on-bail enhancement]; *People v. Lopez*, *supra*, 42 Cal.App.5th at p. 342.)

However, the full resentencing rule does not apply when a plea agreement specifies the punishment to be imposed.  (*People v. Barton* (2020) 52 Cal.App.5th 1145, 1156.)  A plea agreement is a form of contract to which a court consents to be bound by approving the agreement.  (*People v. Segura* (2008) 44 Cal.4th 921, 929–930.)  A trial court "may approve or reject [a negotiated plea] agreement, but the court may not …

4

[approve the agreement and then] effectively withdraw its approval by later modifying the terms of the agreement it had approved." (*Id*. at pp. 931−932; see § 1192.5.) Therefore, when a portion of an agreed-upon sentence must be stricken, full resentencing is not appropriate because it would not conform with the terms of the plea agreement. (*Barton*, at p. 1156; *Hernandez, supra*, 55 Cal.App.5th at p. 957.)[4]

The available remedies after striking a portion of an agreed-upon sentence are to restore the parties to the status quo ante or, if the legislature so intended, to strike only the portions modified by the enactment and leave the remainder of the agreement intact. (See *Stamps, supra*, 9 Cal.5th at pp. 695–696; *Harris v. Superior Court* (2016) 1 Cal.5th 984, 991 (*Harris*); *People v. Segura, supra*, 44 Cal.4th at pp. 929–930; *People v. Collins* (1978) 21 Cal.3d 208, 215.) The Legislature " 'may bind the People to a unilateral change in sentence without affording them the option to rescind the plea agreement.' " (*Stamps*, at p. 703; accord, *Hernandez, supra*, 55 Cal.App.5th at pp. 957–958.) However, we do not presume that to be the case. As a default position, a court "may not proceed as to the plea other than as specified in the plea" (§ 1192.5), and therefore cannot modify only a part of an agreed-upon sentence, unless such a modification is a result of a change in the law and the defendant establishes "the Legislature [(or electorate)] intended to overturn long-standing law that a court cannot unilaterally modify an agreed-upon term by striking portions of it" while leaving the remainder intact. (*Stamps*, at p. 701; accord, *Harris*, at pp. 987, 992; *Hernandez*, at p. 953.)

---

**4** We also note that a trial court cannot ignore a change in the law and decline to modify an agreed-upon sentence as based on the terms of a plea agreement. (See *Doe v. Harris* (2013) 57 Cal.4th 64, 66 ["That the parties enter into a plea agreement … does not have the effect of insulating them from changes in the law that the Legislature has intended to apply to them."].) A defendant is entitled to the benefit of ameliorative changes in the law like that effected by Senate Bill 136. Such unknown future benefits cannot be waived by plea bargain. (§ 1016.8, subds. (a) & (b).)

As we explained in *Hernandez*, the legislative history for Senate Bill 136 reveals no "intent to modify section 1192.5's mandate that 'the court may not proceed as to the plea other than as specified in the plea' without the consent of the parties." (*Hernandez, supra*, 55 Cal.App.5th at p. 954; *People v. Griffin* (2020) 57 Cal.App.5th 1088 (*Griffin*), review granted Feb. 17, 2021, S266521; *People v. Joaquin* (2020) 58 Cal.App.5th 173, review granted Feb. 24, 2021, S266594; see *Stamps, supra*, 9 Cal.5th at p. 704.)[5] The legislative history for Senate Bill 136 is "silent regarding pleas and provides no express mechanism for relief undercut[ting] any suggestion that the Legislature intended to create special rules for plea cases." (*Stamps*, at p. 704; accord, *Hernandez*, at p. 958.) Because the Legislature did not express any intent for Senate Bill 136 to operate as an exception to the rule that a court cannot modify an agreed-upon sentence without the parties' agreement, we conclude that the matter must be remanded to allow the People and the trial court the opportunity to rescind approval for the plea agreement.[6]

---

[5] A different conclusion was reached in *People v. France* (2020) 58 Cal.App.5th 714 (review granted Feb. 24, 2021, S266771). The *France* court reasoned that because courts do not have discretion regarding whether to strike prior prison term enhancements under Senate Bill 136, the Legislature intended trial courts to strike prior prison term enhancements imposed as part of a negotiated plea while leaving the other terms intact. (*France*, at pp. 729–730 & p. 729 fn. 6 ["[I]t matters very much whether a court makes a discretionary change to a plea bargain (as in *Stamps*) or the Legislature makes a change in the law that necessarily affects the bargain (as here).").) We respectfully disagree as we explained in *Hernandez*. (*Hernandez, supra*, 55 Cal.App.5th at pp. 957–958.)

[6] The People contend in their supplemental reply brief that remand to the trial court would be futile "because under the terms of the plea agreement the trial court already imposed the maximum possible sentence." However, whether the maximum sentence *allowed by the plea agreement* was imposed is not the relevant question (especially where the parties agree to a stipulated sentence). In this context, the relevant questions are (1) whether the maximum possible sentence on all counts was imposed, and if not, (2) whether the trial court or the People would certainly have approved the plea agreement on the terms that remain after the prior prison term enhancements are stricken. (See *People v. Jones* (2019) 32 Cal.App.5th 267, 273.) As to the first question, we note that the trial court imposed a split sentence, with three years to be served in jail and

6

## C. Defendant Is Not Entitled to Withdraw From the Plea Agreement

Defendant argues that if the matter is remanded to the trial court, he should be permitted to withdraw from the plea agreement even if the prosecutor and trial court are willing to ratify the lesser sentence. We disagree.

Defendant argues that "*both* parties [must be given] an opportunity to negotiate a new plea agreement" if the matter is remanded. For that proposition, he relies broadly on *People v. Collins*, *supra*, 21 Cal.3d 208, where the court considered the proper procedure after an offense to which a defendant pled guilty pursuant to a plea agreement was decriminalized. (*Id.* at p. 212.) "*Collins* explained that on remand, the district attorney could reinstate the counts that had been dismissed as part of the plea agreement. [(Citation.)] Since the [offense to which the defendant had pled guilty] had been decriminalized, the prosecution had been 'deprived of the benefit of its bargain by the relief granted herein,' and the People could restore the dismissed counts because 'the state [was] substantially deprived of the benefits for which it agreed to enter the bargain.' " (*Hernandez*, *supra*, 55 Cal.App.5th at p. 949.) That logic would not require that a defendant also be permitted to withdraw from a plea agreement if the trial court and the People agree to a reduction of the term of imprisonment based on the striking of an enhancement. The defendant is not *deprived* of any benefit of the bargain—he *obtains* an additional benefit. *Collins* does not require that a defendant be permitted to withdraw

---

seven years to be served on mandatory supervision. The maximum penalty on count 1 alone—imprisonment for five years (Health & Saf. Code, § 11352, subd. (a)—exceeds the custody time imposed pursuant to the plea agreement. As to the second question, it is not clear to us the trial court or the People would certainly have approved a stipulated sentence reduced by four years (or whether they would have structured it differently). For those reasons, and for the reasons discussed in section D of the discussion, *post*, remand to permit the trial court or the People to accede to the modified terms or withdraw from the plea agreement would not be futile.

from a plea agreement merely because he receives the benefit of an ameliorative change in the law.

### D.  If the Plea Agreement Is Rescinded, Defendant Could Be Sentenced to a Greater Term of Imprisonment Than Provided for in the Original Agreement

Defendant next argues that if the matter is remanded and the plea agreement is rescinded, the term of imprisonment for any new sentence cannot exceed the term agreed upon in the original plea agreement.  Again, we disagree.

In *Hernandez*, we "acknowledge[ed] the holding in *Collins* that allowed the prosecution to refile the previously dismissed charges as long as the defendant was not resentenced to a greater term than provided in the original plea agreement."  (*Hernandez*, *supra*, 55 Cal.App.5th at p. 959.)  We then concluded that "*Stamps* did not extend *Collins* to permit such a" limitation of sentencing options in this situation.  (*Hernandez*, at p. 959.)  *Stamps* "instead held the People could completely withdraw from the plea agreement if the prior serious felony enhancement was dismissed."  (*Hernandez*, at p. 959.)[7]  We do not depart from *Hernandez*.  Upon remand, if the plea agreement is vacated, the matter will be restored to the status quo ante and any eventual sentence will not be capped by the sentence imposed pursuant to the original plea agreement.

---

**7**     The court in *Griffin*, *supra*, 57 Cal.App.5th at p. 1099, disagreed with our conclusion.  The *Griffin* court commented that "*Stamps* never addressed the language in *Collins* capping the sentence that could be imposed on remand, and *Stamps* never addressed whether the trial court could properly impose a longer sentence on remand." (*Griffin*, at p. 1099.)  The *Griffin* court further found that the limitation of sentence imposed in *Collins* was more appropriate than the restoration to the status quo ante in *Stamps* because Senate Bill 136—like the decriminalization of an act to which the defendant had pled guilty in *Collins*—was an " 'external event[]' that simply rendered the plea agreement[] unenforceable."  (*Griffin*, at p. 1099.)  We respectfully disagree with *Griffin*.

## DISPOSITION

The sentence is vacated and the matter remanded to the superior court with directions to strike the prior prison term enhancements (§ 667.5, subd. (b)) and conduct appropriate proceedings consistent with *Stamps*, *supra*, 9 Cal.5th 685 and *Hernandez*, *supra*, 55 Cal.App.5th 942.  In all other respects, the judgment is affirmed.