Filed 7/22/21  P. v. Mathis CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>RANDALL STEVEN MATHIS,<br><br>     Defendant and Appellant. | F080260, F080262<br><br>(Super. Ct. Nos. 18CR-03247, 17CR-03659)<br><br>**OPINION** |

THE COURT[*]

APPEAL from a judgment of the Superior Court of Merced County.  Paul C. Lo, Judge.

Deanna L. Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Daniel B. Bernstein and Peter H. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Poochigian, Acting P.J., Franson, J. and Smith, J.

Defendant Randall Steven Mathis entered a stipulated plea agreement that included three one-year prior prison term enhancements. He contends on appeal that his three enhancements should be stricken pursuant to Penal Code section 667.5, subdivision (b),[1] as amended by Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136). The People agree. We strike defendant's prior prison term enhancements. As so modified, we affirm.

## PROCEDURAL SUMMARY

On November 3, 2017, the Merced County District Attorney filed an information in case No. 17CR-03659, charging defendant with burglary (§ 459; count 1). The information further alleged defendant had served six prior prison terms (§ 667.5, subd. (b)).

On January 10, 2018, pursuant to a stipulated plea agreement, defendant pled no contest to count 1 and admitted having suffered three prior prison terms. The admitted prior prison terms were served for 2008, 2010, and 2012 burglary convictions. In exchange for his plea, the court struck the three remaining enhancement allegations and indicated a six-year term of imprisonment, suspended pending defendant's successful completion of the Merced County drug treatment program.

On the same date, the trial court sentenced defendant to the stipulated sentence as follows: on count 1, three years (the upper term) plus three one-year prior prison term enhancements. The court suspended the sentence and granted defendant a term of probation, requiring defendant to successfully complete a drug treatment program.

On July 5, 2018, the Merced County District Attorney filed a complaint in case No. 18CR-03247, charging defendant with grand theft (§ 487; count 1).

On August 1, 2018, pursuant to a stipulated plea agreement, defendant pled no contest to count 1 in case No. 18CR-03247. In exchange for his plea, the trial court

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

2.

imposed a stipulated eight-month term (one-third of the middle term) to run consecutively to the term imposed in case No. 17CR-03659, suspended the sentence, and again granted defendant probation, requiring defendant to complete a drug treatment program.

On August 30, 2019, defendant was terminated from drug court as a result of his failure to successfully complete the drug treatment program. On October 23, 2019, the trial court terminated defendant's probation and imposed the previously suspended sentences in case Nos. 18CR-03247 and 17CR-03659, for a total term of six years eight months in prison.

On November 5, 2019, defendant filed a notice of appeal.

## DISCUSSION[2]

Defendant argues his prior prison term enhancements must be stricken based on the retroactive application of Senate Bill 136. The People agree, as do we.

Effective January 1, 2020, Senate Bill 136 amended section 667.5, subdivision (b) to limit application of prior prison term enhancements to only prior prison terms that were served for sexually violent offenses as defined by Welfare and Institutions Code section 6600, subdivision (b). (§ 667.5, subd. (b).) (Stats. 2019, ch. 590, § 1.) That amendment applies retroactively to all cases not yet final on Senate Bill 136's effective date. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341–342, citing *In re Estrada* (1965) 63 Cal.2d 740, 742.)

Here, the trial court imposed three one-year section 667.5, subdivision (b) prior prison term enhancements for terms served for three convictions for second degree burglary (§ 459), which is not a sexually violent offense as defined in Welfare and

---

**2** Because defendant raises only legal issues the facts underlying the offenses are not relevant and are omitted from this opinion.

3.

Institutions Code section 6600, subdivision (b).[3]  On January 1, 2020, defendant's case was not yet final.  Therefore, as the parties agree, defendant is entitled to the ameliorative benefit of Senate Bill 136's amendment to section 667.5, subdivision (b).  Defendant's prior prison term enhancements must therefore be stricken.

Generally, where an appellate court strikes a portion of a sentence, remand for " 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' "  (*People v. Buycks* (2018) 5 Cal.5th 857, 893.)  That rule applies equally to resentencing after reversal of a count of conviction or striking of an enhancement.  (See *ibid*., citing with approval *People v. Sanchez* (1991) 230 Cal.App.3d 768, 771–772 [consideration of all sentencing choices on remand is appropriate after reversal for erroneous application of a section 12022.1 on-bail enhancement]; *People v. Lopez, supra*, 42 Cal.App.5th at p. 342.)

However, the full resentencing rule does not apply when a plea agreement specifies the punishment to be imposed.  (*People v. Barton* (2020) 52 Cal.App.5th 1145, 1156.)  A plea agreement is a form of contract to which a court consents to be bound by approving the agreement.  (*People v. Segura* (2008) 44 Cal.4th 921, 929–930.)  A trial court "may approve or reject [a negotiated plea] agreement, but the court may not … [approve the agreement and then] effectively withdraw its approval by later modifying the terms of the agreement it had approved."  (*Id.* at pp. 931−932; see § 1192.5.)  Therefore, when a portion of an agreed-upon sentence must be stricken, full resentencing is not appropriate because it would not conform with the terms of the plea agreement.

---

**3**  The stricken prior prison term allegations alleged defendant had served prior terms of imprisonment for grand theft (§ 487), which is also not a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b).

(*Barton*, at p. 1156; *People v. Hernandez* (2020) 55 Cal.App.5th 942, 957, review granted Jan. 27, 2021, S265739 (*Hernandez*).)[4]

The available remedies after striking a portion of an agreed-upon sentence are to restore the parties to the status quo ante or, if the legislature so intended, to strike only the portions modified by the enactment and leave the remainder of the agreement intact. (See *People v. Stamps* (2020) 9 Cal.5th 685, 695–696 (*Stamps*); *Harris v. Superior Court* (2016) 1 Cal.5th 984, 991; *People v. Segura*, *supra*, 44 Cal.4th at pp. 929–930; *People v. Collins* (1978) 21 Cal.3d 208, 215.) The Legislature " 'may bind the People to a unilateral change in a sentence without affording them the option to rescind the plea agreement.' " (*Stamps*, at p. 703; accord, *Hernandez*, *supra*, 55 Cal.App.5th at pp. 957–958.) However, we do not presume that to be the case. As a default position, a court "may not proceed as to the plea other than as specified in the plea" (§ 1192.5), and therefore cannot modify only a part of an agreed-upon sentence, unless such a modification is a result of a change in the law and the defendant establishes "the Legislature [(or electorate)] intended to overturn long-standing law that a court cannot unilaterally modify an agreed-upon term by striking portions of it" while leaving the remainder intact. (*Stamps*, at p. 701; accord, *Harris*, at pp. 987, 992; *Hernandez*, at p. 953.)

As we explained in *Hernandez*, the legislative history for Senate Bill 136 reveals no "intent to modify section 1192.5's mandate that 'the court may not proceed as to the plea other than as specified in the plea' without the consent of the parties." (*Hernandez*,

---

**4** We also note that a trial court cannot ignore a change in the law and decline to modify an agreed-upon sentence as based on the terms of a plea agreement. (See *Doe v. Harris* (2013) 57 Cal.4th 64, 66 ["That the parties enter into a plea agreement … does not have the effect of insulating them from changes in the law that the Legislature has intended to apply to them."].) A defendant is entitled to the benefit of ameliorative changes in the law like that effected by Senate Bill 136. Such unknown future benefits cannot be waived by plea bargain. (§ 1016.8, subds. (a) & (b).)

*supra*, 55 Cal.App.5th at p. 954; *People v. Griffin* (2020) 57 Cal.App.5th 1088, review granted Feb. 17, 2021, S266521; *People v. Joaquin* (2020) 58 Cal.App.5th 173, review granted Feb. 24, 2021, S266594; see *Stamps*, *supra*, 9 Cal.5th at p. 704.)[5]  The legislative history for Senate Bill 136 is "silent regarding pleas and provides no express mechanism for relief undercut[ting] any suggestion that the Legislature intended to create special rules for plea cases." (*Stamps*, at p. 704; accord, *Hernandez*, at p. 958.)  Because the Legislature did not express any intent for Senate Bill 136 to operate as an exception to the rule that a court cannot modify an agreed-upon sentence without the parties' agreement, remand to allow the People and the trial court the opportunity to rescind approval for the plea agreement is required unless (1) the maximum possible sentence was imposed on all counts, or (2) the trial court and the People would certainly have approved the plea agreement on the terms that remain after the prior prison term enhancements are stricken. (See *People v. Buycks*, *supra*, 5 Cal.5th at p. 896, fn. 15; *People v. Jones* (2019) 32 Cal.App.5th 267, 273; *People v. Bell* (2020) 47 Cal.App.5th 153, 199.)

In the case at bar, defendant pled no contest to all offenses charged in case Nos. 18CR-03247 and 17CR-03659 and was sentenced to the maximum possible sentence—three years (the upper term) for burglary (§ 459) and a consecutive term of eight months (one-third the middle term) (§ 1170.1, subd. (a)) for grand theft (§ 487). While we would normally remand to the trial court for further proceedings consistent

---

[5]     A different conclusion was reached in *People v. France* (2020) 58 Cal.App.5th 714 (review granted Feb. 24, 2021, S266771).  The *France* court reasoned that because courts do not have discretion regarding whether to strike prior prison term enhancements under Senate Bill 136, the Legislature intended trial courts to strike prior prison term enhancements imposed as part of a negotiated plea while leaving the other terms intact. (*France*, at pp. 729–730 & p. 729, fn. 6 ["[I]t matters very much whether a court makes a discretionary change to a plea bargain (as in *Stamps*[, *supra*, 9 Cal.5th 685]) or the Legislature makes a change in the law that necessarily affects the bargain (as here)."].) We respectfully disagree as we explained in *Hernandez*.  (*Hernandez*, *supra*, 55 Cal.App.5th at pp. 957–958.)

with *Hernandez* and *Stamps*, remand to the trial court to permit the People or the trial court to rescind approval for the plea agreement would be futile. We therefore strike the prior prison term enhancements without remanding to the trial court for further proceedings.

## DISPOSITION

Defendant's prior prison term enhancements (§ 667.5, subd. (b)) are stricken. The trial court is directed to prepare an amended abstract of judgment, reflecting that the prior prison term enhancements have been stricken. The court shall forward a copy of the amended abstract of judgment to the appropriate entities. As so modified, the judgment is affirmed.