[No. H007225. Sixth Dist. May 24, 1991.]

THE PEOPLE, Plaintiff and Respondents, v.
RANDOLPH SANCHEZ, Defendant and Appellant.

## COUNSEL

Christine F. Beraldo, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Aileen Bunney and Stan M. Helfman, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

COTTLE, J.—Defendant Randolph Sanchez was charged by complaint with assault with a deadly weapon, namely, a metal pipe, by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(1)).[1] The complaint included an allegation that defendant used the metal pipe within the meaning of the habitual offender provisions of sections 667 and 1192.7. Defendant was charged two weeks later by separate complaint with assault with a knife (§ 245, subd. (a)(1)) while out of custody pending trial on a felony (§ 12022.1). Defendant waived preliminary hearing, entered no contest pleas to the charges in both complaints, and admitted the allegations under sections 667, 1192.7, and 12022.1, pursuant to an agreement that he would receive as to each complaint a concurrent jail term of no more than one year.

The matters were certified to superior court where imposition of sentence was suspended and defendant was placed on probation for three years upon condition, inter alia, that he serve three hundred sixty days in county jail with eligibility for early release to a six-month live-in drug program. Defendant's conduct at that program led the court to summarily revoke probation in both cases; after a revocation hearing in which defendant admitted violating his probation, probation was reinstated on the same terms and

---

[1]Further statutory references are to the Penal Code unless otherwise stated.

conditions with the added condition that defendant serve a concurrent term of 10 months in county jail on each case.

While defendant was still on probation, he was arrested for defrauding an innkeeper (§ 537). Based on this arrest and defendant's failure to pay fines previously imposed, the probation department filed a petition alleging a violation of probation. At the hearing which ensued, the court found defendant in violation of probation. It ordered probation revoked, and sentenced defendant to the aggravated term of four years in state prison for the metal pipe assault (Information No. 123610) and to a concurrent midterm of three years for the knife assault (Information No. 123611), staying the section 12022.1 enhancement.

On appeal defendant contends the trial court erred in imposing the aggravated term and that his admission that the assault with a metal pipe came within the meaning of sections 667 and 1192.7 "was unauthorized by law and must be stricken." (Capitalization omitted.)

## FACTS

The following summaries are taken from the probation department's petitions alleging a violation of probation:

*Information No. 123610*: "The victim and the defendant became involved in a verbal altercation. The defendant left and returned with a metal pipe. The defendant struck the victim's left elbow. The victim left and called the police. The victim called the police. The victim suffered a broken left elbow."

*Information No. 123611*: "The victim, the defendant's wife[,] called police and indicated the defendant pulled her out of her vehicle by her hair and began dragging her toward the apartment. Once inside the apartment, the defendant picked up a kitchen knife and threatened the victim's life. The defendant cut the victim on her left arm. Several superficial cuts were made but no medical treatment was necessary."

## DISCUSSION

Defendant correctly concedes that the section 12022.1 bail enhancement requires the sentence imposed for the secondary offense to be consecutive to the term imposed for the primary offense and that "the trial court, contrary to the terms of Penal Code § 12022.1, subdivision (e), imposed a concurrent term on the secondary offense." (See *People* v. *Baries* (1989) 209 Cal.App.3d 313, 317-323 [256 Cal.Rptr. 920].) Defendant's claim that "since

the trial court's imposition of sentence was infected by its misapplication of Penal Code § 12022.1, upon remand for resentencing by an appellate court, the trial court is entitled to consider the entire sentencing scheme" (see *People* v. *Hill* (1986) 185 Cal.App.3d 831, 834 [230 Cal.Rptr. 109]) has merit. ■ Since we are compelled to remand this matter for resentencing to correct the error in application of section 12022.1, subdivision (e) and agree with defendant that, at that time, the trial court may reconsider all sentencing choices (*People* v. *Savala* (1983) 147 Cal.App.3d 63, 68-69 [195 Cal.Rptr. 193], disapproved on other grounds in *People* v. *Foley* (1985) 170 Cal.App.3d 1039, 1044 [216 Cal.Rptr. 865]), defendant's first contention that the trial court considered improper aggravating factors is rendered moot. In the discussion which follows we address defendant's remaining contention that the serious felony finding that he used a deadly and dangerous weapon within the meaning of sections 667 and 1192.7 must be stricken.

■ Defendant admitted the truth of the allegation that he "used a deadly and dangerous weapon, to wit: a metal pipe" within the meaning of sections 667 and 1192.7, and that serious felony finding appears in the abstract of judgment.[2] Defendant claims the finding must be stricken as premature as no prior serious felony was alleged and the prosecution did not seek any additional penalty based upon the allegation. The People contend the serious felony statutory scheme does not operate prospectively but "accords defendant the status of a person who is subject to the Penal Code section 667 enhancement in the event he commits another serious felony." They also claim that because defendant failed to object below and admitted the truth of the allegation as part of a plea agreement by which he derived the substantial benefit of a promise of no state prison, a maximum of a year in county jail in each case, and concurrent jail terms, defendant "has waived the complaint that the serious felony finding should be stricken as 'premature.'" We conclude that the legal conclusion that defendant's conduct qualifies as a serious felony within the meaning of sections 667 and 1192.7 must be stricken as premature, but that the defendant's admission that he personally used a deadly or dangerous weapon may stand.

This court in *People* v. *Ybarra* (1988) 206 Cal.App.3d 546, 550 [253 Cal.Rptr. 644], held that "determination of whether the underlying offense

---

[2]Section 667 provides in relevant part: "[A]ny person convicted of a serious felony who previously has been convicted of a serious felony . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively. . . . [¶] (d) As used in this section 'serious felony' means a serious felony listed in subdivision (c) of Section 1192.7."

Section 1192.7 provides in relevant part: "(c) As used in this section 'serious felony' means any of the following: . . . [¶] . . . (23) any felony in which the defendant personally used a dangerous or deadly weapon."

and the defendant's conduct qualify as a serious felony within the meaning of [a subsection of section 1192.7, subdivision (c)] is a matter which should be left to a future case in which the issue is fully justiciable. [Citations.]"

In *People* v. *Jackson* (1985) 37 Cal.3d 826, 836, footnote 14 [210 Cal.Rptr. 623, 694 P.2d 736], overruled on other grounds in *People* v. *Guerrero* (1988) 44 Cal.3d 343, 347-356 [243 Cal.Rptr. 688, 748 P.2d 1150], the California Supreme Court noted that "[i]n a post-Proposition 8 case, . . . an allegation that a burglary involved entry into a residence is not a superfluous allegation. Even if the case involved the first serious felony charge against the defendant, proof of the residential character of the burglary would expose defendant to an enhanced punishment if he committed a later serious crime. Consequently, admissions or findings that a burglary was of a residence, established on the record of the conviction, could be used in a later proceeding to prove that the defendant had previously been convicted of a serious felony."

Defendant's admission that he used a dangerous or deadly weapon in the commission of the assault charged in Information No. 123610, like an admission that a burglary was of a residence, can be "established on the record of the conviction" and "could be used in a later proceeding to prove that the defendant had previously been convicted of a serious felony." (*People* v. *Jackson*, *supra*, 37 Cal.3d at p. 836, fn. 14.)

Our decision to strike the court's legal conclusion characterizing the present offense as a serious felony does not affect defendant's admission that he used a deadly and dangerous weapon, to wit, a metal pipe. That admission "as well as other facts of record will, insofar as admissible, remain available for consideration by the court in any future case for the purpose of determining whether the defendant's instant conviction and related conduct constitutes a serious felony as a matter of law. [Citation.]" (*People* v. *Ybarra*, *supra*, 206 Cal.App.3d at p. 550.)

## CONCLUSION

The judgment must be modified to strike the court's legal conclusion characterizing the present offense as a serious felony. The abstract of judgment generated after resentencing can reflect defendant's admission that he used a deadly and dangerous weapon, to wit: a metal pipe, but it should omit any reference to an enhancement under sections 667 and 1192.7 or to a finding within the meaning of those sections.[3]

---

[3]The current abstract inadvertently omits any reference to the section 12022.1 bail enhancement which was alleged and admitted in Information No. 123611. This error should also be rectified at resentencing.

## DISPOSITION

The judgment is modified to strike the court's legal conclusion characterizing the present offense as a serious felony within the meaning of sections 667 and 1192.7. As so modified the judgment is affirmed, although the matter is remanded for resentencing consistent with the views expressed herein. The trial court should designate the offense in Information No. 123610 the primary offense and choose the appropriate term for that offense with the awareness that, pursuant to section 12022.1, subdivision (e), the sentence for the secondary offense must be consecutive to the term imposed for the primary offense. The trial court may include defendant's admission that he "used a deadly and dangerous weapon, to wit: a metal pipe," in the record of conviction but must omit any references to section 667 or 1192.7 on the abstract of judgment.

Premo, Acting P. J., and Elia, J., concurred.