Filed 12/1/20  P. v. Macias CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MONICA MARIE MACIAS,<br><br>Defendant and Appellant. | F080476<br><br>(Super. Ct. No. F19904263)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Heather Mardel Jones, Judge.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Cavan M. Cox II, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Poochigian, Acting P.J., Detjen, J. and Peña, J.

Defendant Monica Marie Macias contends on appeal that her one-year prior prison term enhancement should be stricken pursuant to Penal Code section 667.5, subdivision (b),[1] as amended by Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136). The People concede the enhancement should be stricken. We strike the prior prison term enhancement, remand for resentencing, and affirm in all other respects.

## PROCEDURAL SUMMARY

On June 28, 2019,[2] the Fresno County District Attorney charged defendant with identity theft with prior convictions for the same (§ 530.5, subd. (c)(2); count 1). The complaint further alleged defendant had served three prior prison terms (§ 667.5, subd. (b)).

On October 15, pursuant to a plea agreement, defendant pled no contest to the charge and admitted the truth of one prior prison term allegation[3] in exchange for a stipulated term of two years four months' imprisonment. On the prosecutor's motion, the trial court dismissed the other two prior prison term enhancement allegations. On the same date, prior to entry of the plea, the prosecutor and trial court discussed the impact of Senate Bill 136 on the sentence. The trial court explained that Senate Bill 136 "eliminates the one-year prison prior enhancement under [section] 667.5[, subdivision (b)], except for a sexually-violent offense." In response, the prosecutor indicated that he "made this offer and [would] stand by it …." The trial court asked the prosecutor whether "the People [were] going to argue that they've lost the benefit of their bargain" if the court imposed two years and declined to impose the prior prison term enhancement.

---

**1** All further statutory references are to the Penal Code unless otherwise stated.

**2** All further dates refer to the year 2019 unless otherwise stated.

**3** The parties agreed that defendant would admit the most recent prior prison term allegation, served for a conviction of identity theft with a prior conviction for the same (§ 530.5, subd. (c)(2)).

The prosecutor responded that the People would not "mak[e] that argument if the Court were to impose two years. That [resolution] … me[t] … the spirit of the agreement."

On November 13, the trial court imposed a term of imprisonment of two years four months as follows: on count 1, the mitigated term of 16 months, plus a one-year prior prison term enhancement.

On December 18, defendant filed a notice of appeal.

### DISCUSSION[4]

Defendant argues her prior prison term enhancement must be stricken based on the retroactive application of Senate Bill 136. The People agree, as do we.

Effective January 1, 2020, Senate Bill 136 amended section 667.5, subdivision (b) to limit application of prior prison term enhancements to only prior prison terms that were served for sexually violent offenses as defined by Welfare and Institutions Code section 6600, subdivision (b). (§ 667.5, subd. (b).) (Stats. 2019, ch. 590, § 1.) That amendment applies retroactively to all cases not yet final on Senate Bill 136's effective date. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341–342, citing *In re Estrada* (1965) 63 Cal.2d 740, 742.)

Here, the trial court imposed a one-year section 667.5, subdivision (b) prior prison term enhancement for a term served for a conviction of identity theft, which is not a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b). On January 1, 2020, defendant's case was not yet final. Therefore, as the parties agree, defendant is entitled to the ameliorative benefit of Senate Bill 136's amendment to section 667.5, subdivision (b).

The People argue that the matter should be remanded for the trial court to resentence defendant. Defendant disagrees, contending that (1) "the policy allowing

---

[4]   Because defendant raises only sentencing issues, the facts underlying the offenses are not relevant and are omitted from this opinion.

consideration of the entire sentencing structure [on remand] primarily applies to cases on remand for resentencing after the reversal of" a count of conviction, (2) the prosecutor agreed to " 'stand by' the tentative and negotiated" one-year four-month base term that was eventually imposed, and (3) the trial court already "actually exercised sentencing discretion in respect to count 1 when it considered and evaluated … circumstances in mitigation and aggravation before imposing the" term of imprisonment.  We agree with the People.

First, where an appellate court strikes a portion of a sentence, remand for " 'a full resentencing as to all counts is [generally] appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.)  That rule applies equally to resentencing after reversal of a count of conviction or striking of an enhancement.  (See *ibid*., citing with approval *People v. Sanchez* (1991) 230 Cal.App.3d 768, 771–772 [consideration of all sentencing choices on remand is appropriate after reversal for erroneous application of a section 12022.1 bail enhancement]; *People v. Lopez*, *supra*, 42 Cal.App.5th at p. 342.)

Second, the prosecutor did not, as defendant suggests, say that he would stand by the base term.  The prosecutor remarked that he "made th[e] offer and [would] stand by it" despite the impact of Senate Bill 136.  However, the plea agreement did not specify how the term of imprisonment would be calculated,  and the prosecutor, during the change of plea hearing, indicated his preference that the trial court impose a base term of two years and no prior prison term enhancement because that sentence best met "the spirit of the agreement."

Third, the fact that the trial court imposed the mitigated term is not binding on remand.  "A court conducting a full resentencing … may … revisit sentencing choices such as a decision … to impose an upper term instead of a middle term" or, as relevant to this case, a middle term instead of a lower term.  (*People v. Valenzuela* (2019) 7 Cal.5th

4.

415, 425.) Here, on remand, the trial court could, lawfully and consistent with the plea agreement, impose a middle term of two years.

Because we struck a portion of the term, and because an alternative method of sentence calculation exists that would permit the trial court to impose a term closer to the stipulated term, we remand. (*People v. Buycks*, *supra*, 5 Cal.5th at pp. 893–894.)

## DISPOSITION

Defendant's prior prison term enhancement (§ 667.5, subd. (b)) is stricken and the sentence is vacated. The matter is remanded to the trial court for resentencing. The trial court is directed to prepare an amended abstract of judgment and forward a copy to the appropriate entities. In all other respects, the judgment is affirmed.