Filed 6/26/23

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSEPH CODINHA,<br><br>    Defendant and Appellant. | D080633<br><br><br>(Super. Ct. No. SCD276107) |

        APPEAL from an order of the Superior Court of San Diego County, Joan P. Weber, Judge.  Vacated and remanded with directions.

        Mi Kim, under appointment by the Court of Appeal, for Defendant and Appellant.

        Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Joy Utomi, Deputy Attorneys General, for Plaintiff and Respondent.

Joseph Codinha appeals the order increasing his aggregate prison term by 16 months in response to a letter from the Department of Corrections and Rehabilitation (the Department) informing the trial court it had erroneously imposed a concurrent prison term on a count on which the law required a consecutive term. The appeal presents two significant issues: (1) whether a trial court has jurisdiction to modify a final judgment in response to such a letter; and (2) if so, whether the appropriate remedy is for the court to modify the judgment by simply correcting the error or to conduct a full resentencing hearing. We conclude: (1) a trial court's inherent authority to correct an unauthorized sentence allows it to modify a final judgment in response to a notice from the Department that a sentence does not contain a legally required component; and (2) the proper remedy is a full resentencing hearing where, as here, the sentence includes multiple components and the trial court exercised discretion at the original sentencing hearing to impose a non-maximum aggregate prison term it considered appropriate. We therefore vacate the modified sentence and remand the matter for a full resentencing hearing. In doing so, we acknowledge a conflict in published decisions and a lack of clarity in the law that would warrant review by our Supreme Court.

I.

BACKGROUND

A. *Guilty Plea*

On May 7, 2019, Codinha pleaded guilty to two felonies—indecent exposure (count 1; Pen. Code, § 314, subd. 1; undesignated section references are to this code) and unauthorized possession of a controlled substance (count 3; Health & Saf. Code, § 11377, subd. (a))[1]—and two misdemeanors—

---

[1] Count 1 is a felony rather than a misdemeanor because Codinha has a prior conviction of the same offense and a prior conviction of committing a

2

possession of drug paraphernalia (counts 2 & 4; Health & Saf. Code, § 11364, subd. (a)). He admitted committing count 3 while released on bail for a prior felony (count 1). (§ 12022.1, subd. (b).) Codinha also admitted he had three prior convictions of committing a lewd and lascivious act on a minor (§ 288, subd. (a)), which qualified as strikes under the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12), and served a prior prison term for indecent exposure (§ 314, subd. 1), which qualified for a one-year enhancement (former § 667.5, subd. (b), as amended by Stats. 2014, ch. 442, § 10). The trial court accepted the plea and set the matter for sentencing.

B.    *Sentencing*

Codinha filed a sentencing memorandum in which he urged the trial court to strike his prior strike convictions (§ 1385; *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*)) and to grant probation so that he could obtain necessary treatment for his drug abuse and sexual misconduct. In their memorandum, the People argued Codinha was ineligible for probation; the prior strike convictions should not be stricken; and if the court struck some of the prior strike convictions, it should impose a prison term of at least nine years, four months.

At the sentencing hearing on March 13, 2020, the trial court denied probation, granted Codinha's *Romero* motion in part by striking two of the three prior strike convictions, and sentenced him as a second-strike offender

---

lewd and lascivious act on a minor in violation of section 288. (§ 314, subd. 2, par. 2.) Count 3 is a felony rather than a misdemeanor because Codinha has a prior conviction that requires registration as a sex offender. (Health & Saf. Code, § 11377, subd. (a).)

3

to an aggregate prison term of eight years.[2]  On count 1 (indecent exposure), the court imposed the upper term of three years (§§ 17, subd. (a), 314, subd. 1 & subd. 2, par. 2), doubled to six years based on the prior strike conviction (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1)).  On count 3 (unauthorized possession of a controlled substance), the court imposed a concurrent middle term of two years (Health & Saf. Code, § 11377, subd. (a); § 1170, subd. (h)(1), (3)), doubled to four years based on the prior strike conviction (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1)).  In declining to impose a consecutive term on count 3, the trial court stated:  "I feel that I'm taking that into account in the rest of the calculation.  And I feel that an eight-year sentence is appropriate on balance in this case."  The court imposed a consecutive term of two years for the out-on-bail enhancement.  (§ 12022.1, subd. (b).)  The court, "in the interest of justice" (see § 1385), refused to impose the one-year enhancement for Codinha's service of a prior prison term (former § 667.5, subd. (b)) on count 1 and "stay[ed]" the enhancement on count 3.  The court did not orally pronounce sentence on either conviction for possession of drug paraphernalia (counts 2 & 4), but the sentencing minutes state Codinha was given "Credit for Time Served."

C.    *Prior Appeal*

Codinha appealed the judgment.  Based on legislation that took effect between the guilty plea and sentencing and eliminated the enhancement for service of a prior prison term for a conviction that was not a sexually violent

---

[2]    Although Codinha's current felony convictions are neither serious felonies (§ 1192.7, subd. (c)) nor violent felonies (§ 667.5, subd. (c)), and therefore are not strikes (§§ 667, subd. (d)(1), 1170.12, subd. (b)(1)), his prior strike convictions of committing a lewd and lascivious act on a minor (§ 288, subd. (a)) made him eligible for sentencing as a third-strike offender (§§ 667, subd. (e)(2)(C)(iv)(III), 1170.12, subd. (c)(2)(C)(iv)(III)).

4

offense, we struck the trial court's oral pronouncement staying the enhancement on count 3 and otherwise affirmed the judgment. (*People v. Codinha* (2021) 71 Cal.App.5th 1047, 1054, 1081-1084.)

D.  *Sentence Modification*

On February 3, 2022, a case records manager at the Department sent a letter to the trial court stating the abstract of judgment and/or minute order "may be in error" because "Count 3 was sentenced **concurrent** to Count 1." The Department noted the accusatory pleading suggested Codinha was out on bail on count 1 (the primary offense) when he committed count 3 (the secondary offense), and under section 12022.1, subdivision (e), "any state prison sentence for the secondary offense shall be **consecutive** to the primary offense." The Department asked the court to "review [its] file to determine if a correction is required," and advised the court it could "reconsider all sentencing choices" when notified "an illegal sentence exists."

The trial court held a hearing on April 29, 2022. At the outset, the court stated its intent to amend the abstract of judgment to add eight months to the aggregate prison term by imposing a consecutive term of one-third the middle term of two years on count 3. (Health & Saf. Code, § 11377, subd. (a); §§ 1170, subd. (h)(1), (3), 1170.1, subd. (a).) The prosecutor and Codinha's counsel agreed imposition of a consecutive term was legally required, but Codinha's counsel requested the court "stay that remainder of time" because Codinha had "a parole date" the following day. The court denied the request, stated it had "made a clerical error at the time of sentencing," and modified the sentence to include a consecutive eight-month term on count 3. Three days later, the court held another hearing to correct its error in not doubling the consecutive eight-month term to 16 months as required by the Three Strikes law. (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1).) The court prepared

5

an amended abstract of judgment with an aggregate prison term of nine years, four months.

Codinha appealed the order modifying the judgment. (§ 1237, subd. (b) [postjudgment order "affecting the substantial rights of the party" is appealable]; *People v. Gilbert* (1944) 25 Cal.2d 422, 444 [when effect of order "was to modify substantially the judgment[ ] originally entered," order was "obviously" appealable].)

II.

DISCUSSION

The parties agree the trial court erred at the initial sentencing hearing by imposing a concurrent rather than a consecutive prison term on count 3 and had authority to correct the error, but they disagree on the source of that authority and what the court was required to do to correct the error. Codinha argues the court did not merely correct a clerical error and could either recall the sentence under section 1172.1[3] or exercise its inherent authority to correct a legally unauthorized sentence;[4] but in either case, he asserts, the court was required to conduct a full resentencing hearing to consider all options in light of recent changes to sentencing laws and an updated

---

[3]    Section 1172.1 authorizes a sentencing court to recall a sentence and resentence a defendant within 120 days of the date of commitment on its own motion or at any time on recommendation of the Department. This provision has been codified in different places in the Penal Code during the pendency of this case. It started out in section 1170 (Stats. 2017, ch. 561, § 188), moved to section 1170.03 (Stats. 2021, ch. 719, § 3.1, eff. Jan. 1, 2022), and is now in section 1172.1 (Stats. 2022, ch. 58, § 9, eff. June 30, 2022). For simplicity, we refer to the provision by its current statute number.

[4]    "[A] sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case." (*People v. Scott* (1994) 9 Cal.4th 331, 354 (*Scott*).)

6

probation report.  He asks us to vacate the order modifying the judgment and to remand the matter for a full resentencing hearing.

The People urge us to affirm the order.  They contend the trial court was not required to conduct a full resentencing hearing, because it merely corrected a clerical error and did not recall the sentence.  The People further contend that even if the error was not clerical, the court properly exercised its inherent authority to correct a legally unauthorized sentence and acted within its discretion by imposing a consecutive prison term on count 3 while leaving the other terms the same.  They also contend Codinha forfeited his arguments based on sentencing law changes and an updated probation report by failing to assert them in the trial court, and in any event the court would have reached the same result had it considered such new matters.

As we shall explain, the trial court had inherent power to correct the legally unauthorized sentence imposed at the initial sentencing hearing.  And under the circumstances of this case, remand for a full resentencing hearing is required so that the court may exercise its discretion to impose a legal sentence it deems appropriate.

A.    *Jurisdiction to Modify Sentence*

"Under the general common law rule, a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced." (*People v. Karaman* (1992) 4 Cal.4th 335, 344 (*Karaman*).)  The rule has three exceptions pertinent to this appeal.  First, a court has inherent power to correct a clerical error in its records at any time to make the records state the true facts. (*People v. Baker* (2021) 10 Cal.5th 1044, 1109; *People v. Mitchell* (2001) 26 Cal.4th 181, 185 (*Mitchell*); *In re Candelario* (1970) 3 Cal.3d 702, 705 (*Candelario*).)  Second, a trial court has statutory authority to recall a sentence and resentence a defendant at any

time upon the Department's recommendation. (§ 1172.1, subd. (a)(1); *Dix v. Superior Court* (1991) 53 Cal.3d 442, 456.) Third, the imposition of a sentence unauthorized by law is a jurisdictional error that may be corrected whenever it comes to the court's attention, even if correction requires imposition of a longer sentence. (*Karaman*, at p. 349, fn. 15; *People v. Serrato* (1973) 9 Cal.3d 753, 763, 764 (*Serrato*); *People v. Davis* (1981) 29 Cal.3d 814, 827, fn. 5.) We address each potential ground of jurisdiction in turn below.

### 1. *Correction of Clerical Error*

We first consider whether the trial court merely corrected a clerical error in the judgment. At the April 29, 2022 hearing held in response to the Department's letter notifying the court of the sentencing error, the court stated it had "made a clerical error at the time of sentencing" by imposing a concurrent term on count 3, and modified the sentence to impose a consecutive term. The People argue "[t]he court's miscalculation of the original sentence on count 3 amounted to a clerical error that was subject to correction at any time, and did not require the court to recall the sentence and conduct a full resentencing." Codinha argues the trial court did not merely correct a clerical error in the recording of the judgment pronounced at the initial sentencing hearing; rather, the court "addressed an unauthorized sentence and changed the original sentence" by adding 16 months to it. Codinha has the better of this argument.

"It is not open to question that a court has the inherent power to correct clerical errors in its records so as to make these records reflect the true facts. [Citations.] The power exists independently of statute and may be exercised in criminal as well as in civil cases." (*Candelario*, *supra*, 3 Cal.3d at p. 705.) Such errors may be corrected at any time. (*Mitchell*, *supra*, 26 Cal.4th at p. 185; *People v. Breceda* (2022) 76 Cal.App.5th 71, 100.) "Clerical error,

8

however, is to be distinguished from judicial error which cannot be corrected by amendment.  The distinction between clerical error and judicial error is 'whether the error was made in rendering the judgment, or in recording the judgment rendered.' " (*Candelario*, at p. 705.)  "An amendment that substantially modifies the original judgment or materially alters the rights of the parties, may not be made by the court under its authority to correct clerical error, therefore, unless the record clearly demonstrates that the error was not the result of the exercise of judicial discretion."  (*Ibid.*)  "Any attempt by a court, under the guise of correcting clerical error, to 'revise its deliberately exercised judicial discretion' is not permitted."  (*Ibid.*)

The error in imposing a concurrent term on count 3 rather than the legally required consecutive term (§ 12022.1, subd. (e); *People v. Sanchez* (1991) 230 Cal.App.3d 768, 771 (*Sanchez*)) was a judicial error, not a clerical error.  At the initial sentencing hearing, the trial court stated:  "I'm not going to impose consecutive time on Count 3 for the drug offense.  I feel that I'm taking that into account in the rest of the calculation.  And I feel that an eight-year sentence is appropriate on balance in this case."  The court went on to impose a concurrent four-year term on count 3.  In doing so, the court clearly exercised what it erroneously believed was its discretion to impose a concurrent term rather than a consecutive one.  The sentencing minutes and the abstract of judgment both recorded the four-year concurrent term the court orally imposed on count 3 at the initial sentencing hearing.  Thus, the " 'error was made in rendering the judgment,' " not " 'in recording the judgment rendered.' " (*Candelario, supra*, 3 Cal.3d at p. 705.)  The court's modification of the sentence in response to the letter from the Department notifying it of the error "substantially modifie[d] the original judgment" by increasing the aggregate prison term by 16 months, and was not a

permissible exercise of the court's power to correct a clerical error in its records. (*Ibid.*; see *In re Wimbs* (1966) 65 Cal.2d 490, 498 [court may not "revise its deliberately exercised judicial discretion" to impose consecutive rather than concurrent sentence under power to correct clerical error].)

2. *Recall and Resentencing Under Section 1172.1*

We next consider the trial court's authority to recall Codinha's sentence and resentence him under section 1172.1. Codinha contends the court lawfully could modify his sentence by construing the Department's letter notifying the court of the sentencing error as a request to recall the sentence and resentence him under section 1172.1, but to do so the court was required to conduct a full resentencing hearing. The People respond that because the Department did not recommend recall and resentencing and the trial court did not treat the letter as such a recommendation, a full resentencing hearing was not required. We conclude the court did not proceed under section 1172.1.

Section 1172.1, subdivision (a)(1) states: "When a defendant, upon conviction for a felony offense, has been committed to the custody of the Secretary of the Department . . . , the court may . . . at any time upon the recommendation of the secretary . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if [the defendant] had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence." The Department makes such recommendations "not only to bring to the trial court's attention sentences in need of correction (e.g., unauthorized sentences) but also to invite the court to recall sentences based upon equitable considerations (e.g., extending the benefit of an ameliorative change in the law to a defendant whose judgment

10

is final)." (*People v. Williams* (2021) 65 Cal.App.5th 828, 834.) The "recommendation furnishes the court with jurisdiction it would not otherwise have to recall and resentence and is 'an invitation to the court to exercise its equitable jurisdiction.' " (*People v. McMurray* (2022) 76 Cal.App.5th 1035, 1040.) Although section 1172.1 does not prescribe any particular form for a recommendation for recall and resentencing, the Department typically makes such a recommendation expressly in a letter from the Secretary. (See, e.g., *Williams*, at p. 832 [Secretary recommended court recall sentence and resentence defendant based on statutory amendment allowing dismissal of enhancement]; *People v. McCallum* (2020) 55 Cal.App.5th 202, 206 [Secretary recommended defendant's sentence be recalled and he be resentenced based on good behavior in prison]; *People v. Arias* (2020) 52 Cal.App.5th 213, 217 [Secretary recommended recall of defendant's sentence based on possible error in imposition of enhancements]; see also *People v. Loper* (2015) 60 Cal.4th 1155, 1158 [Secretary recommended defendant's sentence be recalled pursuant to § 1170, subd. (e) and he be granted compassionate release based on medical condition].)

Nothing in the Department's letter to the trial court suggests it was recommending recall of Codinha's sentence and resentencing. The letter was from a case records manager, not the Secretary. It did not "reference[ ] section [1172.1], and the letter did not use any form of the terms 'recall' or 'resentencing.' Rather, the [Department's] letter specifically asked the trial court to determine whether 'a correction is required.' " (*People v. Magana* (2021) 63 Cal.App.5th 1120, 1125; see *People v. Humphrey* (2020) 44 Cal.App.5th 371, 373, 378 [concluding similar letter was not recommendation for recall and resentencing].) Even if the trial court could have treated the letter as a recommendation for recall and resentencing (see

11

*Humphrey*, at p. 378 [recognizing such authority]; *People v. Torres* (2008) 163 Cal.App.4th 1420, 1427 [trial court treated similar letter as recommendation for recall and resentencing]), there is no indication in the record it did so.  Neither the parties nor the court mentioned section 1172.1, recall, or resentencing at the April 29 or May 2, 2022 hearing.  As noted earlier, the trial court proceeded under the erroneous view that it was correcting a clerical error in the judgment.  Moreover, by increasing Codinha's aggregate prison term by 16 months, the court could not have been acting pursuant to section 1172.1, because subdivision (a)(1) authorizes recall and resentencing "provided the new sentence, if any, is no greater than the initial sentence."  (See *People v. Drake* (1981) 123 Cal.App.3d 59, 64, fn. 1 [predecessor of § 1172.1 was "inapplicable" when " 'the new sentence' was 'greater than the initial sentence' "].)[5]  Because the Department did not recommend recall and resentencing in its letter and the record does not show that is what the trial court did in response to the letter, section 1172.1 does not provide the jurisdictional basis for the trial court's modification of Codinha's sentence.  (See *Magana*, at p. 1125; *Humphrey*, at p. 378.)

---

[5]    One Court of Appeal has suggested in dictum that when an unlawful sentence is recalled for resentencing under section 1172.1, the statutory "limitation that a new sentence, 'if any,' may not be 'greater than the initial sentence' . . . may not apply if an unlawful sentence can be corrected only by increasing the sentence." (*People v. King* (2022) 77 Cal.App.5th 629, 641 & fn. 7 (*King*).)  We disagree with this suggestion to the extent it would permit a court to disregard an express limitation on its statutory resentencing authority.  "[T]o avoid encroaching on the legislative function, we may not simply disregard the language of a statute in defiance of the clear intent and policy judgments of the Legislature." (*Kerns v. CSE Ins. Group* (2003) 106 Cal.App.4th 368, 389; see *People v. Connor* (2004) 115 Cal.App.4th 669, 691 [" 'we should not read statutes to omit expressed language' "].)

3.    *Correction of Unauthorized Sentence*

The final potential basis for the trial court's jurisdiction to modify Codinha's sentence is the unauthorized sentence doctrine.  The parties agree the court had authority to correct Codinha's sentence once the Department notified the court of the unauthorized portion, but they disagree on whether the proper remedy was correction of the unauthorized portion only or full resentencing.  We shall set out the legal basis for the trial court's authority to correct Codinha's unauthorized sentence in this section, and resolve the parties' dispute over the proper remedy in the next.

Our Supreme Court stated 50 years ago that "the law is well settled" that had a court attempted to "impose a sentence not authorized by law," the sentence "would have been subject to judicial correction whenever the error came to the attention of the trial court or a reviewing court" and would present "no bar to the imposition of a proper judgment thereafter, even though it is more severe than the original unauthorized pronouncement." (*Serrato*, *supra*, 9 Cal.3d at pp. 763, 764.)  Since then, the Supreme Court has repeatedly recognized this rule.  For example, the Supreme Court cited *Serrato* as support for the proposition that "where the court is required to impose a certain minimum term but imposes a lesser term instead, the unauthorized sentence is considered invalid or 'unlawful' and may be increased even after execution of the sentence has begun." (*Karaman*, *supra*, 4 Cal.4th at p. 349, fn. 15.)  Since it decided *Karaman*, the Supreme Court has repeatedly acknowledged an unauthorized sentence is subject to correction "at any time" (e.g., *People v. Landry* (2016) 2 Cal.5th 52, 127, fn. 22 [correction on appeal]; *People v. Sanders* (2012) 55 Cal.4th 731, 743, fn. 13 [same]; *People v. Picklesimer* (2010) 48 Cal.4th 330, 338 [correction by trial court]), including by a trial court while an appeal of its judgment is pending

13

(*People v. Cunningham* (2001) 25 Cal.4th 926, 1044).  The Supreme Court also recently stated, "An unauthorized sentence ' "do[es] not become irremediable when a judgment of conviction becomes final, *even after affirmance on appeal*." ' " (*In re G.C.* (2020) 8 Cal.5th 1119, 1130 (*G.C.*).)

The cited cases, however, do not clearly articulate the jurisdictional basis for a trial court to correct an unauthorized sentence that has become final.  Language from cases indicates the basis is the trial court's authority to vacate a "void" judgment.  Our Supreme Court has stated:  "Judicial error (as well as an exercise of judicial discretion) in rendering judgment cannot be corrected by the trial court once jurisdiction has expired, unless the judgment is *void* on the face of the record." (*Karaman, supra*, 4 Cal.4th at p. 345, fn. 11.)  "A judgment or order is said to be void on its face when the invalidity is apparent upon an inspection of the judgment-roll" (*Morgan v. Clapp* (1929) 207 Cal. 221, 224) or " '[the] court record without consideration of extrinsic evidence' " (*People v. The North River Ins. Co.* (2020) 48 Cal.App.5th 226, 233 (*North River*)).  "The power of a court to vacate a judgment or order void upon its face is not extinguished by lapse of time, but may be exercised whenever the matter is brought to the attention of the court.  While a motion for such action on the part of the court is entirely appropriate, neither motion nor notice to an adverse party is essential.  The court has full power to take such action on its own motion and without any application on the part of any one." (*People v. Davis* (1904) 143 Cal. 673, 675-676 (*Davis*); accord, *People v. Glimps* (1979) 92 Cal.App.3d 315, 325.)  The court "derives its jurisdiction to do this . . . solely from the fact that the judgment or order upon the face of the judgment-roll demonstrates to the world its own invalidity." (*Davis*, at p. 676.)  In other words, "[a] judgment or order which is void on the face of the record thereof may be set aside at any time by the court that made it, on

14

the ground that it is void." (*Luckenbach v. Krempel* (1922) 188 Cal. 175, 176-177.) Thus, as the Courts of Appeal have stated, a trial court has "inherent power" to vacate a void judgment or order at any time. (E.g., *Doe v. Regents of University of California* (2022) 80 Cal.App.5th 282, 292 (*Doe*); *Hoversten v. Superior Court* (1999) 74 Cal.App.4th 636, 640; *Wilson v. Goldman* (1969) 274 Cal.App.2d 573, 577; *People v. Brattingham* (1928) 91 Cal.App. 527, 528.)

Appellate courts have routinely characterized as "void" sentences that were not authorized by law and therefore exceeded the power of the trial court to impose. (See, e.g., *Scott, supra,* 9 Cal.4th at p. 354; *In re Andrews* (1976) 18 Cal.3d 208, 212; *People v. Burhop* (2021) 65 Cal.App.5th 808, 814; *People v. Irvin* (1991) 230 Cal.App.3d 180, 191; *People v. Hames* (1985) 172 Cal.App.3d 1238, 1242; *People v. Chagolla* (1983) 144 Cal.App.3d 422, 434; *Wilson v. Superior Court* (1980) 108 Cal.App.3d 816, 818; *People v. Sproul* (1969) 3 Cal.App.3d 154, 164; *In re Robinson* (1956) 142 Cal.App.2d 484, 486.) Our Supreme Court has described the error the trial court made in this case, i.e., imposition of concurrent prison terms when the law required consecutive terms, as a "void portion of the judgment." (*In re Sandel* (1966) 64 Cal.2d 412, 414 (*Sandel*).) "Since the entire question of the legality of petitioner's confinement" was before the Supreme Court in a habeas corpus proceeding challenging the parole authority's purported correction of the erroneous sentence the trial court had imposed, it took "the opportunity to make a *judicial* correction of the sentencing error" by declaring "the portion of the judgment ordering petitioner's sentence for escape to be served concurrently with his prior sentence for robbery is of no legal effect." (*Id.* at p. 418.) The Supreme Court went on to state, however, that when such a sentencing error occurs, the People have "a duty to bring the error to the attention of the trial court as soon as possible, by appropriate motion to

15

vacate the void portion of the judgment and impose a sentence authorized by law." (*Id.* at pp. 418-419.) Although the Supreme Court did not expressly discuss the trial court's jurisdiction to modify the judgment in that situation, it impliedly recognized such jurisdiction by prescribing a motion by the People as the appropriate remedy. Relying in part on *Sandel*, the Court of Appeal held a trial court "properly set aside" an unauthorized sentence as " 'void' and entered 'without jurisdiction' " upon motion by the People after the judgment imposing the sentence had become final. (*Wilson*, at pp. 818-819.)

From the cases discussed above, we discern the following rule: A trial court that imposes a sentence unauthorized by law retains jurisdiction (or has inherent power) to correct the sentence at any time the error comes to its attention, even if execution of the sentence has commenced or the judgment imposing the sentence has become final and correction requires imposition of a more severe sentence, provided the error is apparent from the face of the record.[6] We now apply this rule to this case.

_____

[6] We recognize application of this rule to correct an illegally lenient sentence could produce harsh outcomes in certain cases. For example, if the trial court grants probation to a defendant who is not eligible therefor and the defendant complies with the terms of probation, including service of a one-year jail term, it "would be unjust" to correct the legally unauthorized sentence and require the defendant to serve a prison term. (*People v. Tanner* (1979) 24 Cal.3d 514, 521-522.) Similarly, to correct an unauthorized grant of probation by imposing a prison term after a defendant serves time in custody, is released, and returns to a law-abiding and productive life would be " 'unfair.' " (*People v. Lockridge* (1993) 12 Cal.App.4th 1752, 1759-1760.) It could also " 'work a serious injustice' " to reincarcerate a defendant who is illegally released on parole and successfully reintegrates into the community. (*Johnson v. Williford* (9th Cir. 1982) 682 F.2d 868, 871.) We need not consider whether or how the rule we have distilled from the case law would apply in these or similar situations, however, because the sentencing error at issue here was detected by the Department and addressed by the trial court

The trial court imposed a legally unauthorized sentence when it ordered the four-year term on count 3 (unauthorized possession of a controlled substance) to run concurrently with the six-year term on count 1 (indecent exposure). Because Codinha admitted commission of count 3 while he was released on bail on count 1, the law required imposition of a consecutive term on count 3. (§ 12022.1, subd. (e); *People v. Griffin* (2005) 128 Cal.App.4th 1112, 1119; *Sanchez, supra*, 230 Cal.App.3d at p. 771.) The court's imposition of a concurrent term on count 3 was "illegal" (*Griffin*, at p. 1119) and "void" (*Sandel, supra*, 64 Cal.2d at p. 414). The error is apparent from an examination of the judgment itself, i.e., the trial court's oral pronouncement of sentence. (See *People v. Thomas* (1959) 52 Cal.2d 521, 529, fn. 3 ["judgment is rendered when sentence is orally announced"].) The trial court therefore had "jurisdiction" (*Davis, supra*, 143 Cal. at p. 676) "to vacate the void portion of the judgment and impose a sentence authorized by law" (*Sandel*, at pp. 418-419) "whenever the error came to [its] attention" (*Serrato, supra*, 9 Cal.3d at p. 763). Indeed, "[w]hen the court's error of law was drawn to its attention by the subsequent letter from the Department . . . , the court had no choice but to correct the sentence, which was otherwise unauthorized by law." (*People v. Shabazz* (1985) 175 Cal.App.3d 468, 474.)

Before turning to the appropriate remedy for the sentencing error that occurred in this case, we pause to acknowledge a conflict in the case law concerning the jurisdiction of a trial court to correct a legally unauthorized sentence. Some courts have acknowledged the inherent power of a court to

---

before Codinha was released from prison. "[C]ases in which courts refused to apply a corrected sentence . . . should not be extended to prisoners who remain incarcerated." (*People v. Reyes* (1989) 212 Cal.App.3d 852, 857.)

correct or vacate a judgment or order that is void on its face, but have limited such power to a judgment or order that is invalid for lack of so-called "fundamental jurisdiction," i.e., subject matter or personal jurisdiction. (See, e.g., *Doe*, *supra*, 80 Cal.App.5th at p. 295; *North River*, *supra*, 48 Cal.App.5th at p. 233; *People v. Malveaux* (1996) 50 Cal.App.4th 1425, 1434.) "When a court lacks jurisdiction in a fundamental sense, an ensuing judgment is void, and 'thus vulnerable to direct or collateral attack at any time.' " (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 660.) Other courts have held more broadly "[t]he granting of relief, which a court under no circumstances has any authority to grant, has been considered an aspect of fundamental jurisdiction for the purposes of declaring a judgment or order void." (*Plaza Hollister Ltd. Partnership v. County of San Benito* (1999) 72 Cal.App.4th 1, 20; accord, *People v. Amaya* (2015) 239 Cal.App.4th 379, 386-387; *Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 1004, 1009.) "[I]f the trial court has made 'a grant of relief to one of the parties [which] the law declares shall not be granted,' such judgment may be considered void for lack of jurisdiction notwithstanding the court's jurisdiction over the person and the subject matter." (*Carlson v. Eassa* (1997) 54 Cal.App.4th 684, 691-692.) We read our Supreme Court's decisions as having used the term "void" in this broader sense when they acknowledged a trial court's authority to correct a legally unauthorized sentence after execution of the sentence has begun or the judgment imposing the sentence has become final. (See, e.g., *Karaman*, *supra*, 4 Cal.4th at p. 345, fn. 11; *Sandel*, *supra*, 64 Cal.2d at pp. 418-419.)

Those decisions, as we read them, are inconsistent with the recent decision in *King*, *supra*, 77 Cal.App.5th 629, that "the unauthorized sentence doctrine does not itself create jurisdiction for a trial court to rule on an

18

incarcerated defendant's motion to correct an alleged illegal sentence after the conviction is final and after the execution of the sentence has begun." (*Id.* at pp. 641-642.) In *King*, the trial court denied a motion the defendant had filed more than 30 years after sentencing to challenge as legally unauthorized the prison term imposed on one of his convictions. (*Id.* at p. 633.) In the course of concluding the trial court had no power to rule on the motion, the Court of Appeal stated: "Because the unauthorized sentence doctrine is a principle of waiver rather than jurisdiction, . . . [t]he doctrine does not itself create jurisdiction for the trial court to rule on a motion challenging the legality of a sentence." (*Id.* at p. 637.) *King* purported to derive this sweeping rule from our Supreme Court's decision in *G.C.*, *supra*, 8 Cal.5th 1119. (*King*, at pp. 635-637.) We disagree with *King*'s reading of *G.C.*

The issue in *G.C.* was whether the appellate court had jurisdiction in an appeal from a dispositional order in a juvenile delinquency proceeding to correct an allegedly unauthorized dispositional order made by a different juvenile court in a prior proceeding concerning different offenses when the prior order had not been timely appealed. (*G.C.*, *supra*, 8 Cal.5th at pp. 1123-1124.) After ruling the appeal was untimely as to the dispositional order in the prior proceeding (*id.* at pp. 1126-1129), the Supreme Court rejected the appellant's contention she could avoid the untimeliness bar because the prior order was tantamount to a legally unauthorized sentence that could be corrected at any time (*id.* at pp. 1129-1133). The Supreme Court agreed with the Court of Appeal that the unauthorized sentence rule " 'is an exception to the *waiver doctrine*' " that allows a defendant to challenge an unauthorized sentence on appeal even though the defendant did not object in the trial court, but it is not an exception " 'to the *jurisdictional* requirement of a timely notice of appeal.' " (*Id.* at p. 1129.) Because the Court of Appeal did not have

19

jurisdiction over the prior dispositional order and there was "no correlation between the [earlier] error and the current judgment on appeal," the Supreme Court concluded "[t]he unauthorized sentence doctrine will not serve to remedy this defect," and affirmed the Court of Appeal's dismissal of the appeal. (*Id.* at pp. 1130, 1134.)

In our view, the Supreme Court's decision in *G.C.*, *supra*, 8 Cal.5th 1119, does not support the broad pronouncement in *King*, *supra*, 77 Cal.App.5th at page 637, that a trial court has no jurisdiction to rule on a motion challenging an unauthorized sentence once execution has begun. The jurisdiction at issue in *G.C.* was that of the appellate court, not that of the juvenile court that made the challenged dispositional order. The Supreme Court did not consider whether a trial court in an adult criminal proceeding has jurisdiction to correct its own unauthorized sentence whenever the error comes to its attention. It did not disapprove, nor even mention, the body of case law discussed above that acknowledges the existence of such jurisdiction. Thus, in our view the line of Supreme Court cases recognizing an unauthorized sentence is a void judgment that may be vacated or corrected whenever it is brought to the trial court's attention, even after execution of the invalid sentence has begun or the judgment has become final (*G.C.*, at p. 1130; *Karaman*, *supra*, 4 Cal.4th at pp. 345, fn. 11, 349, fn. 15; *Serrato*, *supra*, 9 Cal.3d at pp. 763, 764; *Sandel*, *supra*, 64 Cal.2d at pp. 418-419), remains valid and authorized the trial court to modify Codinha's sentence in response to the Department's letter.

Given the apparent frequency with which the Department sends a letter to a trial court notifying it of an unauthorized sentence and the inconsistency in the case law concerning the court's jurisdiction to modify a sentence once execution has begun or the judgment imposing the sentence

20

has become final, it would be helpful to the lower courts for the Supreme Court definitively to decide the jurisdictional issue.

B.     *Remedy for Unauthorized Sentence*

We now turn to the proper remedy for Codinha's legally unauthorized sentence. Codinha contends the court could not simply correct the unauthorized portion of the sentence, and instead had to conduct a full resentencing hearing to consider the entire sentence in light of changes to the sentencing laws and an updated probation report. The People contend Codinha forfeited his contentions about the sentencing law changes and an updated probation report, because he did not raise them in the trial court; and the court could correct the sentence on count 3 while keeping the other components of the sentence the same without holding a full resentencing hearing. We conclude remand for a full resentencing hearing is the proper remedy in this case.

The sentence contains another error, not addressed by the parties, which requires remand, namely, the trial court's failure to pronounce sentence on the two misdemeanor convictions of possession of drug paraphernalia (counts 2 & 4; Health & Saf. Code, § 11364, subd. (a)). A trial court has a duty in both felony and misdemeanor cases to pronounce sentence on every conviction. (§§ 12, 1202, 1445; *People v. Eberhardt* (1986) 186 Cal.App.3d 1112, 1121-1122; *People v. Cheffen* (1969) 2 Cal.App.3d 638, 641-642; *People v. Morrow* (1969) 275 Cal.App.2d 507, 514.) Possession of drug paraphernalia is "a misdemeanor punishable by a fine in a sum not less than thirty dollars ($30) nor more than five hundred dollars ($500), or by imprisonment for not less than 15 nor more than 180 days, or by both." (Health & Saf. Code, § 11374.) Neither at the initial sentencing hearing nor at the two hearings held in response to the Department's letter alerting the

21

court to the unauthorized sentence imposed on count 3 did the court impose a fine or a jail term on count 2 or 4. Regarding counts 2 and 4, the minutes from the initial sentencing hearing list as the sentence "Credit for Time Served." Although the court could give Codinha credit on those counts for time he had already spent in custody, it first had to pronounce a proper sentence on those counts. "When the mistake [in failing to pronounce sentence on a count] is discovered while the defendant's appeal is pending, the appellate court should remand the case for a proper sentence." (*People v. Benton* (1979) 100 Cal.App.3d 92, 102; see *People v. Price* (1986) 184 Cal.App.3d 1405, 1411, fn. 6 [failure to pronounce sentence on count is "unauthorized sentence and subject to correction on remand."].) We thus must remand the matter for the trial court to sentence Codinha on counts 2 and 4.

On remand, the trial court may reconsider all components of Codinha's sentence. The general rule is that on remand for resentencing the trial court is "[n]ot limited to merely [correcting] illegal portions" and "may reconsider all sentencing choices. [Citations.] This rule is justified because an aggregate prison term is not a series of separate independent terms, but one term made up of interdependent components. The invalidity of one component infects the entire scheme." (*People v. Hill* (1986) 185 Cal.App.3d 831, 834; accord, *People v. Walker* (2021) 67 Cal.App.5th 198, 206; *People v. Savala* (1983) 147 Cal.App.3d 63, 68-70.) The correction of the invalid portion of the sentence that prompted this appeal required imposition of a consecutive prison term that made Codinha's aggregate term 16 months longer than the eight-year term the trial court had found "appropriate" at the initial sentencing hearing. The court arrived at eight years by striking two of Codinha's prior strike convictions, refusing to impose enhancements for

22

service of a prior prison term, and selecting the upper term for the indecent exposure conviction. (See pt. I.B., *ante*.) Since the "court did not impose the maximum sentence" and "made various discretionary sentencing choices to structure [Codinha's] [eight]-year sentence," the "court may reevaluate its sentencing decisions in light of the changed circumstances" requiring it to sentence Codinha on the misdemeanor convictions and may impose a combination of prison and jail terms that aggregates as closely as possible to the eight-year term it considered appropriate. (*People v. Choi* (2021) 59 Cal.App.5th 753, 770; see *People v. Calderon* (1993) 20 Cal.App.4th 82, 88 [on remand for full resentencing, trial court may impose same aggregate sentence in different manner].) In other words, "[b]ecause there are multiple counts and discretionary decisions at play, the trial court may consider the entire sentencing scheme and reconsider all sentencing choices." (*People v. Marcus* (2020) 45 Cal.App.5th 201, 214; see *Sanchez*, *supra*, 230 Cal.App.3d at p. 774 [remanding for full resentencing when trial court erroneously imposed concurrent prison term on conviction of felony defendant committed while out on bail for prior felony].)

Although the trial court is entitled to reconsider all components of Codinha's sentence on remand, it must " 'exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.) After Codinha was initially sentenced in 2020, section 1170 was amended to limit a court's discretion to impose an upper-term sentence. (See Stats. 2021, ch. 731, § 1.3, eff. Jan. 1, 2022.) The amendments apply to this case, even though they took effect after Codinha was initially sentenced, because the instant appeal has made his judgment of conviction not yet final. (*In re Estrada* (1965) 63 Cal.2d 740, 745; *People v. Lewis* (2023) 88 Cal.App.5th 1125, 1131 (*Lewis*); *People v. Lopez* (2022) 78 Cal.App.5th

23

459, 465 (*Lopez*).)  Under the amended version of the statute, the middle term is generally the presumptive term, and a court may impose an upper term only if it is justified by aggravating circumstances that have been stipulated to by the defendant, found true beyond a reasonable doubt at trial, or established by certified records of a prior conviction.  (§ 1170, subd. (b)(2), (3); *Lopez*, at p. 464.)  In some circumstances, the lower term is the presumptive term, including when the defendant's "childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence," was a "contributing factor in the commission of the offense"; and the middle or upper term may not be imposed "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances [such] that imposition of the lower term would be contrary to the interests of justice."  (§ 1170, subd. (b)(6)(A); see *People v. Gerson* (2022) 80 Cal.App.5th 1067, 1095.)  At the initial sentencing hearing, Codinha submitted a psychologist's report stating he experienced "significant trauma" during childhood, including abandonment and physical and sexual abuse, and it was "possible" that trauma led to his exhibitionism.  Thus, application of the current version of section 1170 could reduce Codinha's aggregate prison term were the trial court to decide imposition of a lower or middle term on the principal count is appropriate.[7]  We express no opinion on how the court should exercise its discretion in the matter.

---

[7]    We agree with the parties that Codinha's completion of his prison term while the appeal is pending would not necessarily moot the appeal.  Were the trial court to reduce the aggregate prison term on remand, any excess custody credits he might have would reduce the time he must serve on parole. (§§ 1170, subd. (a)(3), 2900.5, subd. (a), (c); *People v. Superior Court (Rangel)* (2016) 4 Cal.App.5th 410, 415.)

Finally, our remand of the matter for a full resentencing hearing makes it unnecessary for us to decide whether the trial court erred when it modified Codinha's sentence by failing to apply the current version of section 1170 and failing to obtain and consider an updated probation report, or whether Codinha forfeited these claims of error by failing to raise them in the trial court. On remand, the court must apply the current version of section 1170 (*Lewis, supra*, 88 Cal.App.5th at p. 1131; *Lopez, supra*, 78 Cal.App.5th at p. 465), and it may obtain an updated probation report in its discretion (§ 1203, subd. (g); Cal. Rules of Court, rule 4.411(a)(1)(B), (2)). In any event, in applying the amended statute, the trial court must state on the record the reasons for any discretionary choices it makes in imposing prison terms on the felony convictions. (§ 1170, subd. (c); Cal. Rules of Court, rule 4.406(a), (b)(3).)

## III.

## DISPOSITION

The sentence as modified on May 2, 2022, is vacated. The matter is remanded to the trial court with directions to conduct a full resentencing hearing in accordance with the views expressed in this opinion.


IRION, J.

WE CONCUR:



HUFFMAN, Acting P. J.



O'ROURKE, J.